CARLA HEACOCK *vs.* GREGG HEACOCK.

Norfolk. February 2, 1988. — March 22, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS & O'CONNOR, JJ.

*Res Judicata. Judgment*, Preclusive effect. *Divorce and Separation*, Judgment, Findings.

Although a Probate Court judge entered a judgment of divorce pursuant to G. L. c. 208, § 1B, on the ground of irretrievable breakdown of the marriage, following a hearing in which the wife presented evidence as to, among other things, personal injuries she sustained in an assault on her by her husband, the divorce judgment did not preclude the wife from claiming, in an action filed in the Superior Court, damages in tort for the injuries she had sustained in the assault. [23-25]

Where a judge in a divorce proceeding considered a number of factors in awarding alimony and dividing marital property, but did not make any findings of fact to support his judgment, it was not clear whether he resolved any issue relating to an assault on the wife by the husband and, consequently, the judgment did not preclude litigation of issues as to the assault raised in the wife's separate tort action in the Superior Court seeking damages for the injuries she sustained. [25]

CIVIL ACTION commenced in the Superior Court Department on April 22, 1985.

A motion to dismiss was heard by *Ernest S. Hayeck*, J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jeffrey A. Newman* for the plaintiff.

*Barry J. Connelly* (*Stephen C. Maloney* with him) for the defendant.

*Leslye Orloff, Wendy S. White, & Cynthia W. Simon* of the District of Columbia *& Betty Gittes*, for Women's Legal Defense Fund, amicus curiae, submitted a brief.

HENNESSEY, C.J. The plaintiff appeals from the dismissal in the Superior Court of her tort action against her former hus-

band. A judge dismissed this action on the ground that the issues presented in the tort action had been addressed previously in the parties' divorce action. We transferred the case to this court on our own motion, and now reverse.

We summarize the facts as stated in the Superior Court complaint. On April 22, 1982, the parties were still married, although they had been separated for some months. That day, they engaged in a heated telephone argument. The defendant went to the plaintiff's residence to continue the argument, but the plaintiff would not open the door. The defendant then broke a glass panel in the door, reached through, grabbed the plaintiff by the arm, and violently pulled her, causing her repeatedly to strike her head against the door frame. As a result, the plaintiff sustained serious physical injuries, including spells of dizziness and blackouts. She subsequently was diagnosed as having traumatic epilepsy. She seeks damages for her personal injuries.

Other facts were asserted before the judge in the Superior Court by means of affidavits and a transcript of proceedings before a judge of the Probate Court. The parties were divorced on August 19, 1985, following a hearing in which the plaintiff presented evidence as to, among other things, the assault and her injuries. The plaintiff filed the instant action in the Superior Court on April 22, 1985, prior to the divorce proceedings. The plaintiff did not disclose the existence of the pending tort claim to the Probate Court. She did not serve the defendant with a copy of the complaint until almost a year later, on April 18, 1986, after the Probate Court judge entered judgment in the divorce action. The divorce was granted pursuant to G. L. c. 208, § 1B (1986 ed.), on the ground of irretrievable break-down of the marriage. The plaintiff was awarded custody of the couple's five children, alimony, child support, and a share of the marital property. The Probate Court judge did not make findings indicating what factors he considered in reaching his decisions as to alimony and the division of marital property. The divorce judgment was not appealed, and has become final. See G. L. c. 215, §§ 9, 24 (1986 ed.). Cf. Mass. R. Dom. Rel. P. 60 (b) (1975).

On being served with the complaint in the plaintiff's tort action, the defendant filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (5), 365 Mass. 754 (1974), for insufficiency of service of process, alleging that he was prejudiced by the plaintiff's failure to prosecute her claim diligently.[1] After hearing, the Superior Court judge dismissed the plaintiff's tort action, "on the basis of issue preclusion, collateral estoppel, res judicata, or any one of those three, whichever happens to be the best one."[2]

The plaintiff assigns as error certain alleged procedural irregularities. Because our resolution of the substantive issues in this case requires reversal of the judgment below, we do not address these procedural issues.

1. *Claim preclusion.* The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action. See *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 279-280 (1933), and cases cited. This is so even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies. See *Mackintosh* v. *Chambers*, 285 Mass. 594, 596-597 (1934), and cases

---

[1] We treat the defendant's motion according to its true character, as a motion to dismiss under Mass. R. Civ. P. 41 (b) (2), 365 Mass. 804 (1974). See *Brissette* v. *Crantz*, 23 Mass. App. Ct. 213, 214 (1986), and case cited.

[2] An explanation of terminology is in order. "Res judicata" is the generic term for various doctrines by which a judgment in one action has a binding effect in another. It comprises "claim preclusion" and "issue preclusion." "Claim preclusion" is the modern term for the doctrines traditionally known as "merger" and "bar," and prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies. "Issue preclusion" is the modern term for the doctrine traditionally known as "collateral estoppel," and prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies. See generally, 18 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 4402 (1981 & Supp. 1987); 1B Moore's Federal Practice par. 0.401, at 4-5 (1984). We use the terms "claim preclusion" and "issue preclusion" throughout this opinion. Similarly, we use the modern term "claim" in lieu of the traditional term "cause of action."

cited; Restatement (Second) of Judgments § 25 (1980). The doctrine is a ramification of the policy considerations that underlie the rule against splitting a cause of action, and is "based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit." *Foster* v. *Evans*, 384 Mass. 687, 696 n.10 (1981), quoting A. Vestal, Res Judicata/Preclusion V-401 (1969). See *Franklin, supra* at 279; Cleary, Res Judicata Reexamined, 57 Yale L. J. 339, 342-344 (1948). As such, it applies only where both actions were based on the same claim. *Franklin, supra* at 279-280.

A tort action is not based on the same underlying claim as an action for divorce. Accord *Goldman* v. *Wexler*, 122 Mich. App. 744, 748 (1983); *Aubert* v. *Aubert*, 129 N.H. 422, 426-427 (1987); *Lord* v. *Shaw*, 665 P.2d 1288, 1291 (Utah 1983). The purpose of a tort action is to redress a legal wrong in damages; that of a divorce action is to sever the marital relationship between the parties, and, where appropriate, to fix the parties' respective rights and obligations with regard to alimony and support, and to divide the marital estate. Although a judge in awarding alimony and dividing marital property must consider, among other things, the conduct of the parties during the marriage, G. L. c. 208, § 34 (1986 ed.), the purposes for which these awards are made do not include compensating a party in damages for injuries suffered. The purpose of an award of alimony is to provide economic support to a dependent spouse, *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 623 (1986); that of the division of marital property is to recognize and equitably recompense the parties' respective contributions to the marital partnership, *Hay* v. *Cloutier*, 389 Mass. 248, 254 (1983). The plaintiff could not have recovered damages for the tort in the divorce action, as the Probate Court does not have jurisdiction to hear tort actions and award damages. G. L. c. 215, §§ 3, 6 (1986 ed.). See, e.g., *Prahl* v. *Prahl*, 335 Mass. 483 (1957). The policy considerations commonly advanced to justify the doctrine of claim preclusion are not implicated in the circumstances of this case. Maintenance of the tort claim will not subject the defendant and the courts to the

type of piecemeal litigation that the doctrine of claim preclusion seeks to prevent. As such, nothing in the doctrine or in the policy considerations underlying it warrants its application in the circumstances of this case.

2. *Issue preclusion.* To defend successfully on the ground of issue preclusion, the defendant must establish that the issue of fact sought to be foreclosed actually was litigated and determined in a prior action between the parties or their privies, and that the determination was essential to the decision in the prior action. See, e.g., *Cousineau* v. *Laramee,* 388 Mass. 859, 863 n.4 (1983), and authorities cited. Because a judge in awarding alimony and dividing marital property must consider a number of factors, G. L. c. 208, § 34, and the judge who presided over the Heacocks' divorce action did not make any findings of fact to support his judgment, we cannot say that the judge necessarily resolved any issue relating to the defendant's assault of the plaintiff. See *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 367 (1985) ("G. L. c. 208, § 34, issues are not 'necessarily involved' in a judgment of divorce"). Accordingly, the doctrine of issue preclusion does not apply.

3. *Failure to prosecute.* The defendant renews on appeal his contention that this action should be dismissed for failure to prosecute, because of the plaintiff's delay in serving the complaint. He argues that the plaintiff in bad faith delayed service in order to obtain a tactical advantage in the divorce action; that she improperly failed to list the existence of the action as an asset on a verified financial statement filed in the Probate Court;[3] and that he has been prejudiced by the delay because he no longer may appeal the divorce judgment. These issues are not properly before us on appeal. The parties presented little or no relevant evidence on these issues, the Superior Court judge made no findings, and the record is inadequate to permit a ruling of law. We therefore express no opinion as to

---

[3] We think that it is appropriate to require, in future divorce actions, that the parties list the existence of such claims, although of unascertainable market value, in financial statements filed with the Probate Court.

these issues. The defendant on remand may raise these issues by appropriate motion or pleading.

*Judgment reversed.*