Merrigan, J.
This matter comes before us on expedited appeal under Dist./ Mun. Cts. R. A. D. A., Rule 8A. Phillips, Silver, Taiman & Aframe, P.C., a legal corporation, (“Aframe, P.C.”) as plaintiff brought suit against the defendant John Siwek (“Siwek”) in the District Court seeking recovery of fees for professional services rendered to Donna Harrington (“the mother”) and her son John Casamasina in connection with Probate and Family Court proceedings which led to a judgment of paternity against Siwek. The judgment of the Probate and Family Court, entered November, 1995, adjudicated Siwek the father of John Casamasina, a child born prior to the marriage of the mother and Siwek. In the complaint against Siwek, Aframe, P.C. asserted that its services were provided as “necessaries” on behalf of his minor child, John Casamasina, and that Siwek had an implied duty to pay for such services. After filing of cross motions for summary judgment, the motion filed by Siwek was allowed and Aframe, P.C.'s motion for partial summary judgment was denied. Aframe, P.C. appeals.
The trial judge concluded that Aframe, PC. was barred from relief for three reasons. First, the judge ruled that in the absence of specific statutory authorization, an award of attorney’s fees in a paternity action under c. 209C was not allowed. Second, the judge denied recovery because of absence of a writing which would satisfy the statute of frauds, and third, the judge concluded that legal services rendered on behalf of a minor child did not qualify as necessaries.
The statute of frauds is inapplicable. A writing is not required in order for a party to prevail in an action seeking recovery for necessaries because such claims are made on a claim for compensation arising from quasi-contractual liability. ‘The father was bound to support the child. The law implies a promise by him based upon this obligation, to pay for necessaries furnished the child.” Fennell v. Fennell, 282 Mass. 67, 71 (1933). “Though often treated as contractual, such liabilities are quasi-contractual.” RESTATEMENT OF CONTRACTS, SECOND, §12(f). See also A.B. v. C.D., 44 Mass. App. 331 (1998). Likewise, cases here, and in other jurisdictions, make it clear that in certain circumstances the value of legal services fur *130 nished on behalf of a minor are recoverable as necessaries. “We can conceive of conditions such that a minor may be bound to pay a reasonable compensation for the services of an attorney, on the ground that they are necessary; but ordinarily this liability is limited to cases where the services are rendered in connection with the minor’s personal relief, protection or liberty.” McIsaac v. Adams, 271 Mass. 117, 119 (1906).
Moreover, as a basic constitutional proposition, children born out of wedlock are as entitled to avail themselves of the doctrine of necessaries as are children born to married parents. A paternity determination is threshold to the existence of actionable parental liability for necessaries such as food, shelter, clothing, medical care and the like. The definition of necessaries does not exist in a vacuum and must be determined based upon the facts and circumstances of each case. There is nothing more necessary for a child born out of wedlock than the legal services necessary to perfect inchoate rights founded in a not yet adjudicated parent-child relationship that will effectuate the obligation of parental support.”A child’s need for adequate legal representation is often essential to meeting that child’s need for support, and thereby becomes part of the cost of support.” A.B. v. C.D., supra at 337.
The Supreme Judicial Court and the Appeals Court have addressed the specific issue of counsel fees in proceedings under G.L.c. 209C notwithstanding the absence of specific statutory provisions authorizing such fees.[1] In substance, the issue presented is whether children born out of wedlock may be treated differently than children born to married couples in matters relating to the award of counsel fees for litigation undertaken in order to effectuate and enforce a right to parental support. Although there are differences in posture between an action to establish paternity for a child born out of wedlock and an action to obtain support in a divorce or modification, and although there are ensuing differences between the exact posture of the issue of fees for legal services, the substance and objective of each litigation is the same: securing parental support for necessaries such as food, shelter, clothing, medical care, etc. These differences in posture are subordinate to the equal protection issue at the core of this matter. Addressing this issue in the context of G.L.c. 209C, the Supreme Judicial Court has observed: “As such fees would be available to a child born to married parents, equal protection requires the award of such fees in the discretion of the Probate Court to a child born out of wedlock.” G.E.B. v. S.R. W., 422 Mass. 158, 174 (n.15) (1996). More recently, on the issue of counsel fees, the Appeals Court stated, “despite the lack of specific statutory authority, a judge may properly award legal fees under G.L.c. 209C.” A.B. v. C.D., supra at 336.
Finally, Aframe, P.C. is not foreclosed by the doctrine of claim preclusion or issue preclusion. Claim preclusion does not apply because the claim filed in the Probate and Family Court pursuant to c. 209C seeking to establish paternity is entirely different from the action in the District Court seeking recovery for professional services in a action arising from a contract implied in law. Cf. Heacock v. Heacock, 402 Mass. 21 (1988). Likewise, issue preclusion will not bar recovery. Issue preclusion will prevent subsequent litigation only when it is clear that the earlier action actually resolved-the merits of the legal and factual issue raised. In *131 this case, the issue is the award of counsel fees. Here, the judgment of paternity by the Probate and Family Court judge merely states, “no counsel fees are assessed.” Because the judge made no factual findings or legal rulings on the issue of counsel fees, the record in this case does not show that the Probate and Family Court judge “necessarily resolved” the issue of counsel fees. Id. at 25. This is so particularly in view of the fact that the legal issue central to the Probate and Family Court proceeding was the adjudication of paternity.
Accordingly, the allowance of the motion for summary judgment for the defendant shall be vacated and the plaintiffs motion for partial summary judgment on the issue of liability is hereby ordered allowed. The case is remanded to the trial court for further proceedings on the issue of damages.

 See Doe v. Roe, 32 Mass. App. Ct. 63, 69 (1992), “Serious constitutional questions would arise were we to interpret statutes to allow attorneys fees for modification of support orders for children born of divorced parents but not for those born of unmarried parents. Accordingly, we read G.Lc. 209C, §1, which explicitly states that children are to be treated equ'ally, as providing legislative support for allowing judges the same discretion to award legal fees in actions seeking support for illegitimate children as is permitted under G.L.C. 208, §38."