Ripps, J.
This appeal, pursuant to Dist/Mun. Cts. R. A. D. A., Rule 8A,[1] concerns whether the plaintiff (Ellis) should receive a $5,000 attorney’s fee for the handling of the defendant’s Social Security claim.
The defendant (Bilodeau) hired Ellis on May 31, 1990 to prosecute a Social Security claim and signed a contingent fee agreement in which he agreed to pay a legal fee of 25% of the recovery on the Social Security Disability Claim. The agreement also provided that:
The term ‘recovery’ shall be interpreted to mean all monies that are in fact recovered together with all monies which would have been recoverable had there not been an offset operating due to the claimant’s simultaneous receipt of Workers Compensation benefits.
Ellis also had represented Bilodeau on a workers compensation claim which was settled in 1992. Bilodeau received a settlement of $72,000. There was no evidence of what, if any, attorney’s fees were included.
On August 4, 1995, Bilodeau received a favorable decision on his Social Security claim. Ellis later sent an hourly billing for $5,125 to the Administrative Law Judge, who on August 23,1996 authorized Ellis to collect a fee of $5,000, which was to be deducted by the Social Security Administration from the proceeds of Bilodeau’s claim. If such monies were not adequate, Ellis could look to Bilodeau for any balance. As of the date of the trial herein, Bilodeau and his family had received $3,562.00 in Social Security benefits.[2] The Social Security Administration never withheld any monies, nor was there evidence that the defendant or his family ever received any other monies, nor was there was evidence presented of the amount of any Worker’s Compensation offset
After trial, the judge ordered that Ellis collect an attorney’s fee of $890.50, which appears to represent 25% of the Social Security benefits actually received by Bilodeau. The judge made no findings, but responded to the Plaintiff’s Request for Findings of Fact and Rulings of Law. The judge allowed the Plaintiff’s Finding of Fact #6 which stated:
The Social Security Administration authorized the Plaintiff to charge and collect from the Defendant an attorney’s fee of Five Thousand Dollars ($5,000) in compensation for the Plaintiff’s successful efforts on behalf of the Defendant.
*191 The judge neither allowed nor denied (in effect denied) Plaintiffs Request for Ruling of Law #5 which stated:
The authorization to charge and collect and (sic) attorney’s fee was validly issued by the Social Security Administration, an agency of the United States government, and may not be challenged in a state court action to enforce the fee.
Ellis appeals arguing that the trial court could not “ignore the exclusive authority of the United States government by refusing to enforce the full amount of the attorney’s fee awarded by the Social Security Administration for services rendered on behalf of a client seeking disability benefits.” Ellis asks that we give the Administrative Law Judge’s fee order preclusive effect.
The term “res judicata” includes both claim preclusion and issue preclusion. Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). “The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action....” Id. at 23-24; Sarvis v. Boston Safe Deposit and Trust Co., 47 Mass. App. Ct. 86, 98 (1999). The doctrine of issue preclusion “prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.” Heacock v. Heacock, supra, at 23 n.2; Sarvis v. Boston Safe Deposit and Trust Co., supra. It requires proof that “(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; and (3) file issue in the prior adjudication is identical to the issue in the current adjudication. Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment” Sarvis v. Boston Safe Deposit and Trust Co., supra at 99, quoting Commissioner of the Dept. of Employment and Training v. Dugan, 428 Mass. 138, 142 (1998). Issue preclusion can be used only to prevent re-litigation of issues actually litigated in the prior action, Fidelity Mgmt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 199 (1996), and thus we look to the record to see what was actually litigated. Sarvis v. Boston Safe Deposit and Trust Co., supra at 99.
“[P] reclusive effect should not be given to issues or claims that were not actually litigated in [the] prior action,” Treglia v. MacDonald, 430 Mass. 237, 241 (1999); Jarosz v. Palmer, 436 Mass. 526, 531 (2002), but only to claims and issues that were “‘subject to an adversary presentation and consequent judgments that was not ‘a product of the parties’ consent. ...’” Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 52 (1st Cir. 1997), quoting J. Friedenthal, Civil Procedure §14.11 at 672,673 (1985); Jarosz v. Palmer, supra.
When Ellis sought the fee, he applied to the Administrative Law Judge for its approval. Bilodeau was not a party to the action, nor had a right to be a party to the action until after the fee was awarded, when he was given a right to request a written review of the order within 30 days of the date of the notice.[3] No request for written review of the fee was ever filed.
*192 There was no real adversary proceeding. It was more like a consent to a judgment that the defendant had no reason to believe he would have to pay, as the fee was to be withheld and paid by Social Security from future benefits. The preclu-sive effect of judgments applies only to claims and issues that were subject to an adversary presentation and consequent judgment that was not a product of the parties’ consent. Jarosz v. Palmer, supra; Keystone Shipping Co. v. New England Power Co., supra. Therefore, we cannot say that the proceeding was an adversary proceeding. As a result, the judge was not in error not to give preclusive effect to the authorization to charge a fee.
Another reason the judge did not have to give the fee determination preclusive effect is that any right to collect a legal fee was conditioned upon the retainer contract between the parties. Pursuant thereto, Ellis was to receive 25% of the “recovery.” Ellis’s request for his fee sent to the Administrative Law Judge was based on an hourly billing. The only evidence presented to the judge as to the amount of Bilodeau’s actual recovery was that he and his family received $3,562.00 in benefits. The suit was based upon a contract and the judge assessed damages in accordance with the contract and the evidence. There was no error.
For the foregoing reasons, the judgment is affirmed and the appeal is dismissed.

 In an 8A appeal, facts are gleaned from the “Undisputed Facts” and the materials provided.

 Defendant’s Suggested Findings of Fact paragraph 5 states that Bilodeau’s wife received $96 and his daughter received $966. Paragraph 7 states that Bilo-deau received $2,500.

 Bilodeau admitted by way of Request for Admissions Part I, #5, that he received the legal fee notice, but in response to Request for Admission Part II, #4, to admit the genuineness of documents, he said that he was not sure he had received it. As to Request for Admission Part I, #3, to admit that he was sent the notice of favorable decision, Bilodeau answered that he had not received the notice, as it had been sent to an address in East Falmouth that Ellis told him to falsely establish. As a result, we are not sure when or where Bilodeau received the fee notice. He also denied that he received a $5,000 check. There was no evidence in the materials that there was a $5,000 check sent.