ANTHONY RUFO *vs.* COMMONWEALTH & another.[1] November 29, 2004. *Forfeiture Proceeding. Jurisdiction,* Forfeiture, Federal field.

The plaintiff, Anthony Rufo, appeals from a judgment of a single justice of this court dismissing his "Civil Complaint for Relief from Judgment Pursuant to Mass. R. Civ. P. Rule 60 (b) (6) [, 365 Mass. 828 (1974)]." We affirm.

Rufo's complaint, filed in the county court, sought an order vacating this court's rescript in *Commonwealth* v. *Rufo,* 429 Mass. 380 (1999) (*Rufo I*).[2] In *Rufo I,* we vacated an order of a judge in the Boston Municipal Court that required the State Police to pay Rufo an amount equivalent to the value of currency seized from him at the time of his 1992 arrest for alleged motor vehicle infractions.[3]

The single justice dismissed Rufo's complaint, in part, on the ground that he lacked authority to grant the relief sought, i.e., an order invalidating a decision of the full court. On appeal, Rufo concedes that the single justice was correct on this point. However, Rufo now raises numerous arguments not raised before the single justice, only one of which warrants discussion.[4]

Rufo contends that the court's decision in *Rufo I* is a nullity because the court lacked subject matter jurisdiction to decide that case. Rufo argues that in

---

[1]Department of State Police.

[2]Rufo's complaint was filed in April, 2003, some four years after the court's decision in *Commonwealth* v. *Rufo,* 429 Mass. 380 (1999) (*Rufo I*). The record discloses no reason for Rufo's failure to assert his claims sooner, either as part of the appeal in *Rufo I,* or in a timely petition for rehearing. See Mass. R. A. P. 27, as amended, 410 Mass. 1602 (1991). The Commonwealth moved in August, 2003, to dismiss the complaint. The single justice allowed that motion and dismissed the complaint in September, 2003.

[3]The facts that give rise to Rufo's claims are set forth in detail in *Rufo I* and need not be reiterated here.

[4]The remainder of Rufo's arguments could have been, but were not, raised by him in *Rufo I* or before the single justice, and are therefore barred by principles of claim preclusion or waiver. See *Heacock* v. *Heacock,* 402 Mass. 21, 23 (1988); *Milton* v. *Boston,* 427 Mass. 1016, 1017 (1998) (declining to address in first instance claims and arguments not raised before single justice).

the course of deciding *Rufo I*, in which the court was exercising its jurisdiction to review determinations made in the Boston Municipal Court (see G.L. c. 211A, § 10), the court usurped the exclusive subject matter jurisdiction of Federal courts over Federal forfeiture proceedings. See 28 U.S.C. § 1355(a) (2000). Rufo's contention is without merit. In *Rufo I*, the central issue was the authority of a judge in the Boston Municipal Court to issue an order concerning funds seized by State law enforcement officials that had been turned over to Federal authorities and that were the subject of a Federal forfeiture proceeding. We concluded that in rem jurisdiction over the currency had been exercised by Federal authorities before the State court took any action relative to the funds, and that, as a result, the Boston Municipal Court judge lacked authority to enter orders concerning the disposition of the funds. *Id.* at 383-384.

Rufo's contention that this court, in deciding *Rufo I*, acted in place of the Federal judiciary on a matter within its exclusive province, fails to apprehend that the court in *Rufo I* did not rule on the merits of the Federal forfeiture proceeding, but only considered it as part of the chronology of events when determining whether the Federal or State court asserted jurisdiction over the currency in the first instance. Indeed, the court expressly noted that it was not for this court to assess the validity of the Federal forfeiture proceeding.[5] *Rufo I, supra* at 384 n.7. To the extent that Rufo's argument is that this court lacked authority to interpret Federal law, the claim is clearly without merit and warrants no further discussion.

*Judgment affirmed.*

The case was submitted on briefs.

*Anthony Rufo*, pro se.

*Eva M. Badway*, Assistant Attorney General, for the Commonwealth.

---

[5]Rufo was not successful in contesting the Federal forfeiture in the Federal proceeding. *Rufo I, supra* at 382.