Hanlon, J.
Plaintiff-appellant appeals from the dismissal of her complaint in the West Roxbury Division of the Boston Municipal Court. The defendant-appellee replies that the complaint was appropriately dismissed on grounds of res judicata. We reverse, holding that the original court lacked subject matter jurisdiction over the matter and, therefore, that court’s dismissal with prejudice could not constitute res judicata.
1. The procedural history On or about January 26, 2004, the Plaintiff/Appellant, Roberta Grigg (“Grigg”), filed a complaint in the West Roxbury Division of the Boston Municipal Court against the Defendant/Appellee, Trustees of Alland-ale Condominium Trust (“Allandale”).[1]
In her action, Grigg complained of a number of issues relating to her condominium, and sought “1. A declaration as to the responsibilities for the costs of the Trustees attorneys’ fees [and] 2. A declaration of responsibilities for correcting the heating deficiency in Plaintiffs Unit.” She also requested “3. For her damages, reasonable attorney’s fees and costs. Allandale replied, inter alia, in its “Eighth Affirmative Defense,” that “Plaintiff’s Claims are barred for lack of jurisdiction of the District Court concerning Plaintiff’s Claims.”
On April 6, 2005, the West Roxbury Court entered a judgment of dismissal, without prejudice, under the provisions of District Court Standing Order No. 1-88(TV) (C) (3), “no party to this action having filed a request for trial,... by the last day of the twelfth full month after this action was filed.” On or about May 10,2005, Grigg moved to vacate that dismissal and restore the matter to the list.
Allandale opposed Grigg’s motion, arguing, among other things, that because Grigg’s complaint in this matter seeks declaratory relief and monetary damages, the “claims are barred for lack of jurisdiction of the District Court concerning Plaintiff’s claims.” Allandale pointed out that the complaint was filed in January, 2004 and, thus, was controlled by the contemporaneous version of M.G.Lc. 218, §19C which did not, at that time, grant to the District Court or to the Boston Municipal Court jurisdiction in declaratory judgment matters.
That same statute was amended, effective August 9,2004, and, for matters filed after that date, it granted to the District Court and to the Boston Municipal Court:
the same equitable powers and jurisdiction as is provided for the supe *175 rior court pursuant to chapter 214 and the same authority with regard to declaratory judgments as is provided for the superior court pursuant to chapter 231 for the purpose of the hearing and disposition of ... civil actions for money damages under section 19 of this chapter.
M.G.L.c. 218, §19C.
Allandale argued that, even if the District Court granted Grigg’s “motion to vacate the Courfs April 6, 2005 Judgment, the District Court would lack subject matter jurisdiction to hear the matter because ... [Grigg’s] declaratory judgment claims were brought prior to August 4, 2004,” and that Grigg’s case would be dismissed again for that reason.
On May 25, 2005, a hearing was held on Grigg’s Motion to Vacate Judgment, Remove Default, and Restore Matter to the List, and the motion was denied with prejudice. Grigg appealed neither the denial of the motion with prejudice, nor the original dismissal of the action without prejudice.
On or about July 13, 2005, Grigg filed a new complaint, with essentially the same language, and requesting the same relief, in the West Roxbury Division of the Boston Municipal Court. Allandale again moved to dismiss, arguing that Grigg’s complaint failed to state a claim upon which relief could be granted and was “barred by the doctrine of res judicata.”
On October 5, 2005, after a hearing, a Boston Municipal Court judge allowed Allandale’s motion, citing the May 25 denial with prejudice of Grigg’s Motion to Vacate the Dismissal and Boyd v. Jamaica Plain Co-operative Bank, 7 Mass. App. Ct. 153, 157-158 (1979).
Grigg appeals from that dismissal of her second complaint, arguing that the judge could not have dismissed the first action with prejudice under the District Court Standing Order No. 1-88 (TV) (C) (3), because the Order itself provided that such dismissals be without prejudice. She argues further that the dismissal was not an adjudication on merits, but rather a ruling that the case could not be brought in the Municipal Court at that time for jurisdictional reasons.
2. Discussion
‘““Res judicata” is the generic term for various doctrines by which a judgment in one action has a binding effect in another.’ Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). It comprises ‘claim preclusion’ (traditionally known as ‘merger’ or ‘bar,’ and also referred to as true res judicata) and ‘issue preclusion’ (traditionally known as ‘collateral estoppel’).” City of Salem v. Massachusetts Commission Against Discrimination, 44 Mass. App. Ct. 627, 637 (1998).
As the West Roxbury judge noted below, when he dismissed this case for the second time, “A dismissal ‘with prejudice’ constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial.” Boyd v. Jamaica Plain Co-operative Bank, 7 Mass. App. Ct. 153, 157-158, n.8 (1979).
In the present case, however, the action that was dismissed in the West Rox-bury Court with prejudice was the first action, one that requested relief not at that time within the District Courfs (or the Municipal Courfs) subject matter jurisdiction. For that reason, there could not have been an adjudication on the merits and the doctrine of res judicata does not apply. See City of Salem v. Massachusetts Commission Against Discrimination, 44 Mass. App. Ct. 627, 638 (1998). “As stated by the Restatement (Second) of Judgments §26, comment c:
The general rule ... is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant’s presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff *176 in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.
Id. at 638-639.
In Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 383 (2004), the Appeals Court reiterated this point, again citing the RESTATEMENT (Second) OF JUDGMENTS. “[D]ismissal for lack of jurisdiction or other threshold determination, even with specification that dismissal is ‘with prejudice,’ will not bar another action by plaintiff on same claim.” Id.
In the present case, the reason for the dismissal with prejudice of the first action does not appear on the record. However, it is undisputed that the judge in the West Roxbury Division of the Boston Municipal Court did not have jurisdiction over that action at that time. For that reason, that dismissal could not have been an adjudication on the merits.
Accordingly, the dismissal of the second action is vacated, and the matter is remanded to the West Roxbury Division of the Boston Municipal Court for further action consistent with this decision.
So ordered.

 The litigants refer throughout the pleadings and submissions to the West Rox-bury “District Court.” In fact, at all times relevant to this action, that court was the West Roxbury Division of the Boston Municipal Court. This error in naming does not affect the issues in the case.