NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-705

D.F.

vs.

A.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of the District Court, dated January 3, 2022, denying his motion to vacate a harassment prevention order entered against him more than four years earlier, on August 25, 2017, pursuant to G. L. c. 258E.[1]  In the intervening time, the defendant appealed from the c. 258E order, without success.  See D.F. v. A.F., 99 Mass. App. Ct. 1119 (2021).

---

[1] Although it is not apparent from the record before us whether the January 3, 2022 order was docketed in the District Court, the order was provided to us and the same judge who decided the motion allowed the defendant's request to file his appeal late.  Therefore, we treat the appeal from the January 3, 2022 order as properly before us.

In the defendant's present appeal, he raises the claim that the District Court judge violated his right to due process, by converting without adequate notice a hearing on a request for an abuse prevention order under G. L. c. 209A, into a hearing on a request for an order under G. L. c. 258E.  The defendant raised the same claim in his previous appeal, and the panel considering that appeal rejected it.  The defendant accordingly is precluded from relitigating the same claim.[2]

Were we to consider the defendant's claims on the merits, we would discern no basis for relief, for substantially the reasons explained by the motion judge in his order denying the motion.[3]

The order dated January 3, 2022, denying the defendant's

---

[2] The panel rejected the defendant's claim in the previous appeal based on the defendant's failure to provide transcripts of the hearing to substantiate his claim.  It is of no consequence that the defendant has now furnished transcripts of the previous hearing; principles of res judicata bar relitigation of all claims that were or could have been raised in a prior proceeding.  See Heacock v. Heacock, 402 Mass. 21, 23 (1988).  The defendant's failure to furnish a record adequate for review of his claim in the prior appeal precludes him from pursuing the same claim in a subsequent action, albeit with a more complete record.

[3] It would also appear that the defendant's motion is untimely.  See Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974).

motion to vacate the harassment prevention order, is affirmed.

So ordered.

By the Court (Green, C.J.,
 Desmond & Hershfang, JJ.[4]),

Anne M. Thomas

Assistant Clerk

Entered:  June 6, 2024.

---

[4] The panelists are listed in order of seniority.