NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-167

CHELMSFORD WOODS RESIDENCES II, LP

vs.

JENNIFER MELENDEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant in this summary process action, Jennifer Melendez (tenant), appeals from orders entered in the Housing Court barring her from bringing a future action against the plaintiff, Chelmsford Woods Residences II, LP (landlord), for abuse of process.  Concluding that the language barring the tenant from bringing a future claim was erroneous, we vacate so much of the orders dated October 21, 2024, and October 29, 2024, that impose such a bar.

Background.  After substantial procedural wrangling which we need not describe here, and after the landlord made several attempts to voluntarily dismiss the action, the parties appeared in the Housing Court on August 21, 2024, to discuss the

parameters of a dismissal. The judge summarized what he believed to be the parties' mutual agreement: "That the whole case will be dismissed with prejudice, and that would include any claims arising out of the handling of the case itself." Counsel for the tenant, however, raised concerns about the scope of the order of dismissal. While the tenant would have been content with an order stating that "all claims raised in the notice to quit and based on the terms of the agreement for judgment will be dismissed with prejudice," she objected to phrasing proposed by landlord's counsel to the effect that the dismissal would include "any and all claims, or potential claims, by both parties . . . relating to or concerning this action." The judge asked the parties to submit proposed orders of dismissal.

The landlord's proposed order included language similar to its proposal at the hearing, encompassing potential or actual claims brought by either party: "Any and all claims or issues related to or concerning this Action that were raised or could have been raised are waived and/or dismissed with prejudice." The tenant's proposed order limited dismissal to claims actually asserted by the landlord: "Any and all trial claims as raised by the Plaintiff as of this date are void and dismissed with prejudice." The judge adopted and signed the tenant's proposed

2

order of dismissal.  However, in a handwritten order issued simultaneously, while stating that "[t]he parties did not agree . . . to a waiver of all claims that could have been made," that the tenant had not asserted any counterclaims, that "[n]o counterclaims in this matter would be compulsory," and that compulsory counterclaims "are the only claims that would be appropriate to dismiss with prejudice without [the tenant's] explicit approval," the judge ordered, "The agreed-to dismissal shall bar any claims in the nature of abuse of process arising out of this matter."

The tenant timely filed a notice of appeal, accompanied by a motion for clarification of the order arguing, among other things, that the judge lacked the authority to assign such preclusive effect to the dismissal.  The judge denied the motion for clarification in a margin order, explaining that he understood the parties' agreement to dismiss the case with prejudice "to subsume that no action for abuse of process will be brought," but "given the language used in the filings, the court felt it would be prudent to add the prophylactic advice regarding abuse of process."  The tenant timely filed a notice of appeal from the denial of the motion for clarification.

Discussion.  We agree with the tenant that the order treating the dismissal of the landlord's complaint to bar a

3

future abuse of process claim by the tenant was unwarranted. As an initial matter, the order did not reflect the agreement of the parties. To the contrary, both at the August 21 hearing and in her proposed order, the tenant objected to the dismissal of any claims or counterclaims she could have brought.[1] The judge himself stated it would be "inappropriate" to dismiss such claims with prejudice. While we understand the judge's desire for the parties to put this contentious summary process action behind them, we see no basis to order preclusion of a claim that has not yet been asserted.

"A dismissal with prejudice constitutes a valid and final judgment for the purposes of claim preclusion." Jarosz v. Palmer, 436 Mass. 526, 536 (2002). "The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action" (emphasis added). Heacock v. Heacock, 402 Mass. 21, 23 (1988). "Claim preclusion does not apply where the party lacked the incentive or opportunity to bring the claim in the prior suit."

---

[1] Indeed, the tenant had previously sought the judge's permission to bring an "independent action" to raise claims of due process and related claims arising from the landlord's conduct in the summary process and related proceedings, and had opposed the landlord's motion for voluntary dismissal as "trying desperately to sweep this case under the rug."

4

Baby Furniture Warehouse Store, Inc. v. Muebles D&F Ltée, 75 Mass. App. Ct. 27, 34 (2009).

It is impossible at this juncture to determine whether the tenant had the opportunity or incentive to raise her abuse of process claim in the summary process action. "The elements of an abuse of process claim are that 'process' was used, for an ulterior or illegitimate purpose, resulting in damage" (quotation and citation omitted). Psy-Ed Corp. v. Klein, 459 Mass. 697, 713 (2011). Resolving an abuse of process claim requires a careful assessment of the facts, including elusive issues such as motive and intent. See, e.g., id. at 713-715; Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636-638 (2010); Vittands v. Sudduth, 49 Mass. App. Ct. 401, 406-408 (2000). The tenant did not assert an abuse of process counterclaim when the landlord first brought the action, and she has not yet asserted such a claim. From the record before us, it is unclear which of the landlord's actions the tenant would allege amounted to an abuse of process -- the tenant has at times objected to the identity of the landlord[2] and to the landlord's conduct throughout the course of litigation,

_____

[2] Given our disposition of this appeal, we need not address the tenant's claim that "SCG Chelmsford GP, LLC d/b/a Chelmsford Woods Residences," rather than "Chelmsford Woods Residences II, LP," should have been named as the plaintiff.

including proceedings in the single justice session of this court.  With no abuse of process claim before us, we express no opinion on the validity of any abuse of process claim that the tenant might assert, or on whether the tenant had the opportunity and incentive to raise that claim during the summary process proceedings.[3]  Those questions can be addressed when and if the tenant files such a claim.  But they should not have been foreclosed before they were brought.

Conclusion.  We vacate those portions of the orders dated October 21, 2024, and October 29, 2024, that bar the tenant from bringing a future abuse of process claim arising out of this matter.  The order of dismissal dated October 21, 2024, and entered on October 22, 2024, is in all other respects affirmed.

So ordered.

By the Court (Massing, Sacks & Allen, JJ.[4]),

Clerk

Entered:  December 9, 2025.

---

[3] Likewise, we express no opinion on the merits of any anti-SLAPP motion that might later be brought.

[4] The panelists are listed in order of seniority.

6