RICHARD HITCHCOCK *vs*. EMERGENCY LIGHTING AND SYSTEMS, INC. September 1, 1981. The plaintiff entered into a contract to supply the University of Rhode Island (URI) with an underwater television device. He purchased one of the component parts of the television, a "power inverter," from the defendant (Emergency). When the inverter was tested and found to be defective, the plaintiff notified Emergency. Because the plaintiff was under the time pressure of the URI contract, Emergency suggested that the plaintiff obtain a replacement inverter directly from the manufacturer, Creative Electronics. The plaintiff did so and received a second inverter without charge from Creative. However, this inverter was also defective, and the plaintiff lost his contract with URI. The plaintiff brought this action against both Emergency and Creative, alleging breach of the three Uniform Commercial Code warranties of quality: express warranty (G. L. c. 106, § 2-313) and implied warranties of merchantability (G. L. c. 106, § 2-314[1]) and fitness for a particular purpose (G. L. c. 106, § 2-315). Prior to trial, a "suggestion of bankruptcy" was filed as to Creative. At trial, the judge refused instructions requested by Emergency which would have required the jury to find that Emergency was not involved in the sale of, and did not warrant, the second inverter. Instead, the judge instructed the jury that it was for them to decide whether the plaintiff acquired both inverters as part of a single sale, in which case Emergency's warranties would run to the second inverter. Judgment was entered on a jury verdict for the plaintiff in the amount of $4,000.

The instructions sought by Emergency should have been given. By their terms, the UCC warranties involved here are extended only by the "seller" of goods. G. L. c. 106, §§ 2-313, 2-314(1), 2-315. Section 2-103 1(d) of the Code (G. L. c. 106, § 2-103[1][d], inserted by St. 1957, c. 765, § 1) defines "seller" as one who "sells or contracts to sell goods." "Sale" is defined by § 2-106(1), inserted by St. 1957, c. 765, § 1, as "the passing of title from the seller to the buyer for a price." In the present case title to the second inverter did not pass from Emergency to the plaintiff. Emergency never had title to or even possession of the second inverter. There was no evidence from which it could be found that Emergency arranged for Creative to supply the replacement inverter or that either acted as agent for the other; rather, Emergency's sole involvement with the plaintiff's acquisition of the replacement inverter was its referral or suggestion that the plaintiff contact Creative. This involvement was in-

sufficient to establish Emergency as the "seller" of the second inverter for purposes of UCC warranty liability. Contrast *Richards* v. *Goerg Boat & Motors, Inc.*, 179 Ind. App. 102, 111-112 (1979); *American Container Corp.* v. *Hanley Trucking Corp.*, 111 N.J. Super 322, 327-329 (1970). We have no way of knowing on this record whether the jury verdict was based on the failure of the first or the second inverter to comply with the applicable warranties.

*Judgment reversed.*

The case was submitted on briefs.
*Daniel A. Brewer* for the defendant.
*Michael J. Duggan* for the plaintiff.