Borenstein, J.
This matter is before the court on plaintiffs motion for summary judgment and defendant’s cross motion for summary judgment pursuant to Mass.R.Civ.P. 56. Plaintiff Ferdinand Nwankwo (“Nwankwo”) and the associated Feddy General Contractors (“Feddy”) allege that defendant Cambridge Housing Authority (“CHA”) owes them $37,000 for work done on the Roosevelt Towers Housing Project under a subcontract with Con-Rel, Inc. (“Con-Rel”). Plaintiffs allege that they are entitled to payment from CHA pursuant to the “direct payment” provisions of M.G.L.c. 30, §39F. For the following reasons, plaintiffs motion is DENIED, and defendant’s motion is ALLOWED.
BACKGROUND
The following material facts are undisputed for purposes of this decision: In February 1994, Feddy and Nwankwo, Feddy’s president, contracted with Con-Rel to perform certain renovation work on the Roosevelt Towers Housing Project. Con-Rel was the general contractor retained by CHA, the owner of the Roosevelt Towers.
The original contract price for the Con-Rel/Feddy contract was $91,000. After a portion of the work was performed, the parties modified the contract whereby Con-Rel would pay out on the contract, terminating both parties’ obligations, in exchange for a reduction in the total contract price. $37,000 remains unpaid by Con-Rel under the modified contract. Feddy and Nwankwo brought a separate action against Con-Rel in an effort to obtain the unpaid contract price. That action was unsuccessful on the grounds that Feddy and Nwankwo had not fulfilled certain conditions precedent to payment, and there is no evidence offered in the matter before me to show that those conditions have been fulfilled.[1]
The one fact that the parties dispute is whether CHA received a “sworn request” for payment as required by M.G.L.c. 30, §39F. However, as discussed further *708 below, this fact is immaterial to the resolution of this matter on summary judgment.
Plaintiffs now seek as an alternative to collect the remaining contract price from CHA as a quasi-surety.
DISCUSSION
Summary judgment is properly ordered “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995). The moving party bears the burden of showing an absence of a triable issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 16-7 (1989). The moving party may satisfy this burden either by offering affirmative evidence tending to negate an element of the non-moving party’s claim, or proof that an element is unlikely to be forthcoming at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The burden then shifts to the non-moving party to show there are specific, articulate, and admissible facts establishing a genuine issue of disputed fact. Pederson, 404 Mass. at 17. If, based on these materials, a material fact is in dispute, then summary judgment will not be granted.
Plaintiffs’ primary contention is that they are entitled to payment pursuant to the “direct payment” provisions of M.G.L.c. 30, §39F(l)(d) and (e), which require public “awarding authorities,” such as CHA, to directly pay subcontractors in the event of default by a general contractor on a subcontract.
Nwankwo and Feddy have failed to comply with the statutory requirements necessary to invoke the direct payment provisions. The statute defines “subcontractor” as “a person who files a sub-bid and receives a subcontract as a result of having filed that sub-bid or who is approved by the awarding authority in writing as a person performing labor or both performing labor and furnishing materials pursuant to a contract with the general contractor . . .’’ M.G.L.c. 30, §39F(3).
The parties do not dispute that Nwankwo and Feddy failed to file a sub-bid pursuant to M.G.L c. 149, §44F. On the briefs and at oral argument, the parties did, however, dispute whether CHA approved the plaintiffs as subcontractors in writing. In support of their motion for summary judgment, plaintiff only offers a fax transmittal sheet sent by CHA which they argue indicates “written approval” as required by the statute.[2] This court disagrees.
The fax transmittal shows, at best, that CHA knew of the presence and involvement of Nwankwo and Feddy in connection with the Roosevelt Towers project. There is no indication from this document that CHA gave its express written approval of Feddy as a “subcontractor” entitled to invoke the direct payment provisions of c.30, §39F, and use CHA as a surety for Con-Rel’s obligations under its contract. Something more is required, otherwise any communication indicating acknowledgment on the part of a housing authority similarly situated will amount to acquiescence and a promise to answer for the debts of its general contracts. This cannot be what the legislature intended in creating the direct payment provision and the requirements that must necessarily precede its invocation.
Defendant advances a further argument that the plaintiffs claim for payment must be denied on the grounds of res judicata. This court agrees. Plaintiffs had previously brought suit against Con-Rel to collect under their modified contract. As noted above, the judge there entered a judgment for Con-Rel on the contract claim on the grounds that Feddy had not performed certain conditions precedent to payment, namely a failure to provide releases from Feddy’s vendors and suppliers. Nwankwo v. Con-Rel, Inc., Superior Court Civil Action No. 94-04937. This judgment was affirmed on appeal. Nwankwo v. Con-Rel, Inc., Mass.App.Ct. No. 95-P-1671. The law is clear that this judgment has preclusive effect on plaintiffs’ claim against CHA.
For the doctrine of res judicata to bar an action, three elements are required: (1) there is identity or privity of the parties to the present and prior actions; (2) the identity of the causes of action [are the same); and (3) [there was] a prior final judgment on the merits. Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994); Franklin v. Nort Weymouth Coop. Bank, 283 Mass. 275, 280 (1933). Where there is a final judgment in favor of a principal, the surety of is also released. Mestek, Inc. v. United Pacific Insurance Co., Mass App.Ct. No. 95-P-967 (1996).
Here, the privity between CHA and Con-Rel is sufficient to satisfy the first requirement. There was a final judgment entered by Judge Bohn, and the cause of action based on breach of contract is the same as well as arises out of the same transaction that gave rise to the first suit. Since there was a judgment in favor of Con-Rel (the principal), CHA (the surety) is released as well. To find otherwise would require CHA to pay twice, a result this court finds inconceivable.
ORDER
For the foregoing reasons, plaintiffs’ motion for summary judgment is DENIED and defendant’s motion for summary judgment is ALLOWED.

 See Ferdinand Nwankwo and Feddy General Contractors v. Con-Rel, Appeals Ct. No. 95-P-1671, Middlesex Superior Court No. 94-4937. Apparently, plaintiffs were required to obtain releases from certain vendors and suppliers before receiving payment from Con-Rel. The appeals court affirmed the trial court’s entry of judgment for Con-Rel, which found that plaintiffs' submission of releases from its vendors was a condition precedent to the obligation of the defendant to pay.

 The fax transmittal sheet, dated 4/7/94, reads only: “Attached is the subcontract we received from Con-Rel. Please notify us if there is any discrepancy between this contract and the one you are waiting for a signed copy from Con-Rel. [s] Lisa King."