Sanders, Janet L., J.
This case arises from a public construction project undertaken to renovate the Brookline Public Library. The plaintiff, Regency Construction & Management, Inc. (“Regency”), was one of the subcontractors on the project. Regency is suing the general contractor, the defendant BBC Company, Inc. (“BBC”), seeking to collect amounts that it says it is owed for its work, and has also asserted a claim against XL Specialty Insurance Company on the construction bond. The Town of Brookline (the “Town”) is named only as a “Reach and Apply” defendant, as set forth in Count V of the Second Amended Complaint. The case is now before the Court on the Town’s Motion for Summary Judgment as to that Count. For the following reasons, this Court concludes that the Motion must be Allowed.

*289
BACKGROUND

The relevant facts are not in dispute. On February 15, 2001, the Town entered into a contract with BBC to act as general contractor for additions to and renovation of the Brookline Public Library (the “Project”). Because the Project was public construction, the solicitation for bids and the award of the general contract was governed by G.L.c. 149, §§44A-44L. Thereafter, BBC hired Regency as one of the structural steel subcontractors on the Project. The Town itself did not have a contract with Regency, nor did Regency file a sub bid with the Town. Neither BBC nor Regency requested that the Town approve Regency as a subcontractor for the Project. Neither the Board of Selectmen nor the Building Commission (the awarding authorities for the Town on such projects) formally gave their approval of Regency as a subcontractor.
For purposes of this Motion, this Court assumes that Regency properly performed all of the terms and conditions of its subcontract and is owed $82,859.10 for labor and materials. The Project is now complete. Brookline has paid all sums owed to BBC on the general contract. It made those payments knowing of Regency’s claim. Finally, this Court assumes for this Motion that Regency has made a written demand on the Town for direct payment in compliance with G.L.c. 30, §39F(l)(d).

DISCUSSION

In seeking to hold the Town liable for amounts owed on a contract between BBC and Regency, the plaintiff alleges that the Town’s decision to pay BBC without holding back some amount in retainage to cover Regency’s claim was in violation of G.L.c. 30, §39F. That statute requires that the awarding authority in a public construction project take “reasonable steps” to ensure that a general contractor pays its subcontractors and, in the event the general contractor does not, to make direct payment to the subcontractor upon written demand. G.L.c. 30, §39F(l)(c) and (d). Section 39F, however, expressly limits the class of contractors who may take advantage of this statute by narrowly defining the meaning “subcontractor” as used therein. That term is defined as: “a person who files a sub bid and receives a subcontract as a result of that filed sub bid, or who is approved by the awarding authority in writing as a person performing labor, or performing labor and furnishing materials, pursuant to a contract with the general contractor." G.L.c. 30, §39F(3). The Town argues that Regency is not a “subcontractor” within that definition and thus may not proceed under G.L.c. 30, §39F. I agree.
Regency concedes that it does not satisfy the first part of the definition: it never filed a sub bid with the Town or received a subcontract from the Town. It argues, however, that the record before the Court contains enough facts to show that it was “approved” as a subcontractor on the Project by the awarding authority. Those facts consist of the following:
1) Regency’s construction manager attended a Project Site meeting in April 2001 which was attended by Brookline’s architect on the Project and a Town representative;
2) Clerk of the Works Field Reports filed in June and July 2001 show that Regency was on the site and performing work;
3) On July 25, 2001, an attorney representing Regency made a demand for payment on BBC and sent, via fax, a copy of the letter to the Town’s Project Supervisor;
4) Brookline’s Project Supervisor in September 2001 requested a lien waiver from Regency and other subcontractors, thus implicitly acknowledging that Regency had performed work on the Project.
Although these facts certainly show that the Town was aware that Regency was doing structural steel work at the Project and that it was having difficulty collecting what it was owed from BBC, this Court concludes that they do not amount to the written approval by the awarding authority that Section 39F requires.
Although there are no appellate decisions construing the “written approval” requirement of G.L.c. 30, §39F(3), there are a number of decisions by Superior Court judges which are of some assistance in this case. In P.J. Gear & Son, Inc. v. Commonwealth. 2001 WL 170456 (Mass.Super.), for example, the defendant itself conceded that the subcontractor had been approved in writing where the awarding authority’s manager personally affixed a stamp reading “Approved Sombwa — Certified Subcontractor(s) ” with his initials on two documents filed by the general contractor which listed the subcontractor in a schedule. In contrast, in Nawankwo v. Cambridge Housing Authority, 10 Mass. L. Rptr. 707, 1999 WL 1203752 (Mass.Super.), the Court (Borenstein, J.) held that the fact that the awarding authority sent a fax which showed that it was aware of the plaintiffs involvement in the project was not enough, reasoning that to hold otherwise would mean that “any communication indicating acknowledgment on the part of a housing authority . .. will amount to ... a promise to answer for the debts of its general contractions.” Similarly, in an unpublished opinion, Judge Kottmyer determined that the awarding authority’s approval of shop drawings by the project architect and other documents which reflected the presence of the subcontractor on the job did not constitute the kind of written approval of the awarding authority that the statute contemplated. L.D. Russo, Inc. v. Town of Harvard, Civ. No.04-01086 (Essex Superior Court) (September 12, 2005). The one case that comes closest to supporting Regency’s position is Revoli Construction Co., Inc. v. Town of Andover, (10 Mass. L. Rptr. 688), 1999 WL 1203789 (Mass.Super), where the Court (Gershengorn, J.) held that written approval had been given by the Town of Andover where its engineer’s daily reports *290 as well as attendance sheets for preconstruction meetings reflected the presence of the subcontractor on the job. A close reading of that case, however, shows that Andover was essentially agreeing with the court that it had approved the subcontractor and was not disputing the plaintiffs entitlement to direct payment under the statute.
Finally, there is the plain language of the statute, which is very specific. In order to apply for direct payment against a municipality on a construction job, the subcontractor must have been affirmatively approved by that governmental entity, and the approval must have been in writing and given by the awarding authority — in this case, the Board of Selectmen or the Building Commission. It is undisputed that neither Regency nor the general contractor ever asked either the Selectmen or the Building Commission for their approval, nor was such approval ever given. Particularly in this area of public construction, it is important that the respective rights and responsibilities of the parties be clear. The legislature responded to that need for clariiy by being quite explicit as to when a municipality can be held accountable for the debts of its general contractor — and when it may not. This Court concludes that the circumstances which would permit the subcontractor to collect directly from the awarding authority are simply not present here.

CONCLUSION AND ORDER

For all the foregoing reasons, the Town of Brookline’s Motion for Summary Judgment is ALLOWED, and Count V of the Second Amended Complaint is hereby DISMISSED, with prejudice.