Wilkins, Douglas H., J.
The plaintiff, Karl Ramsdell (“Ramsdell”), commenced this civil action against defendant, Choice Auto Centers, LLC (“Choice Auto”), alleging that Choice Auto sold Ramsdell a defective used car. Ramsdell brings claims against Choice Auto in breach of contract (Count I), breach of warranty (Count II), fraud and deceit (Count III), violation of Massachusetts used car laws (Count IV), unfair and deceptive trade practices (Count V) and punitive damages (Count VI). This matter is now before the court on the defendant’s Motion to Dismiss Counts I, II, III, IV, and VI pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the defendant’s motion is DENIED in part and ALLOWED in part.
BACKGROUND
Accepting as true the factual allegations in the complaint and the inferences therefrom, the material facts are as follows. Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 445 Mass. 745, 749 (2006). On December 21, 2011 Ramsdell, a Marne resident, purchased a 2001 Audi S8 from Choice Auto, a dealership in Shrewsbury, Massachusetts. The vehicle came with a 60-day 100% warranty on parts and labor for the engine and transmission, among other items. Within a week of purchasing the vehicle Ramsdell heard engine noises while driving on a highway in Maine and the vehicle lost power. Ramsdell had the vehicle towed to an authorized Audi dealer, Morong Motors of Falmouth, Marne (“Morong Motors”), had the vehicle inspected and obtained an estimate for repairs. Neither Ramsdell nor Morong Motors performed work on the vehicle. This inspection revealed a timing belt failure, a transmission fluid seal failure, a defective front lower left control arm bushing, an inoperative headlight washer pressure cylinder, a defective windshield washer pump and an inoperable rear parking sensor.
After Morong Motors’s inspection, Ramsdell had the vehicle towed to Choice Auto. Thereafter Ramsdell sent a demand letter, pursuant to G.L.c. 93A, §9, describing Choice Auto’s unfair and deceptive acts or practices as alleged by Ramsdell. These practices included: (1) selling the vehicle with the defects found by the Morong Motors inspection; (2) Choice Auto’s refusal to honor the 60-day warranty; (3) Choice Auto’s failure to disclose engine tampering; (4) Choice Auto sold the vehicle with an inaccurate or fraudulent Carfax certificate; (5) Choice Auto’s salesman misrepresented the condition of the vehicle to Ramsdell; (6) selling the vehicle with inoperable radio and stereo steering wheel switches; and (7) based on the above, Choice Auto’s illegal sale of the vehicle.
On June 4, 2012, the parties participated in a state-certified used vehicle arbitration to determine whether Ramsdell’s vehicle meets the standard for refund under G.L.c. 90, §7N 1 /4 (the “Used Car Lemon Law”). The arbitrator’s decision summarized the parties’ testimony, issued findings of fact and conclusion of law and dealt with the sole issue of whether Ramsdell was entitled to a refund under the Used Car Lemon Law — that is whether the vehicle was defective within the meaning of the statute justifying a refund or replacement vehicle for Ramsdell.[2] The arbitrator found that the standards for refund under the Used Car Lemon Law had not been met by Ramsdell for three reasons: (1) Ramsdell failed to provide Choice Auto an opportunity to make repairs that might be necessary because he first took the car to Morong Motors in violation of the Used Car Lemon Law; (2) that there was an issue with respect to Ramsdell’s story because the vehicle had been driven 700 miles in a short period of time; and (3) repair attempts were made to the vehicle. His ultimate findings of fact stated that the “consumer was given an accurate copy of the dealer warranty required by M.G.L.c. 90, §7N 1/4"; the defect for which repair was attempted at least three times did not continue to exist or recur within the *559 warranty period; during the warranty, the vehicle was not out of service for 11 or more business days; and the defect did not impair the vehicle’s use or safety. He concluded that ’’the standards for refund under the Used Vehicle warranty Law, M.G.L.c. 90, §7N 1/4 . . . have not been met."
Ramsdell now brings this cause of action in an effort to recover from Choice Auto under the theories of breach of contract, breach of warranty, fraud and deceit, violation of Massachusetts used car laws, unfair and deceptive trade practices and punitive damages. Choice Auto moved to dismiss Counts I, II, III, and IV on the theory of collateral estoppel, arguing the arbitrator’s decision precludes litigation of these issues. Choice Auto also argues Counts I, II, and IV must be dismissed because they are duplicative. Choice Auto argues Count VI should be dismissed because Massachusetts does not recognize punitive damages unless expressly recoverable under an applicable statute, and no such statute applies in this case.
DISCUSSION
I. Standard of Review
A party moving to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) must show that the complaint fails to state a claim upon which relief can be granted. “While a complaint attacked by a... motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original). The purpose of a motion to dismiss is to “permit [the] prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiffs claim is legally insufficient.” Harvard Crimson, 445 Mass. at 748.
II. Res Judicata
A. Collateral Estoppel
The doctrine of issue preclusion, or collateral estoppel, “prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.” Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). A party seeking to preclude an action on the basis of collateral estoppel must establish “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” DaLuz v. Dep't of Corr., 434 Mass. 40, 45 (2001), quoting Franklin v. N. Weymouth Coop. Bank, 283 Mass. 275, 280 (1933). Collateral estoppel may apply when the second action is brought on a different claim. See Martin v. Ring, 401 Mass. 59, 61 (1987); Restatement (Second) of Judgments §27 cmt. b (1982). When the determination of an issue in the previous judgment is essential to that judgment, then the determination is conclusive in a subsequent action between the parties, whether on the same or different claims. Alba v. Raytheon Co., 441 Mass. 836, 841 (2004).
The Used Car Lemon Law provides that motor vehicles sold by a dealer to a consumer in Massachusetts must be accompanied by an express written warranty covering the cost of parts and labor necessary to repair defects that impair the vehicle’s safety and use. G.L.c. 90, §7Nl/4(2)(A)(i). If the car has a defect, within the meaning of the statute, then an automobile manufacturer must replace the defective vehicle or refund the purchase price of that vehicle. Id. at (3){A)(i), (ii). A “defect” includes a defect, malfunction or any combination of defects or malfunctions that impair the vehicle’s safety or use during the warranty period. See id. at (2)(A)(i). Defects that only affect the vehicle’s appearance shall not be deemed to impair safety or use for the purposes of the Used Car Lemon Law. Id.
To recover under a breach of contract claim, the plaintiff must prove entirely different elements, namely, the existence and terms of a contract supported by valid consideration, that the moving parly performed under the contract, that the nonmoving party breached the contract and that this breach resulted in harm or damages to the claimant. See Singarella v. City of Boston, 342 Mass. 385, 387 (1961).
The existence of a defect under the Used Car Lemon Law do not sufficiently overlap with issues attendant to a breach of contract claim to trigger collateral estoppel here. The arbitrator’s decision dealt with the sole issue of whether Ramsdell was entitled to a refund under the Used Car Lemon Law. Because it did not address the existence, nature or breach of any contract, collateral estoppel does not prevent litigation of Count I. See Okoli v. Okoli, 81 Mass.App.Ct. 381, 387-88 (2012) (holding that since factual proof required for an intentional infliction of emotional distress claim differs from issues determined in a divorce case, collateral estoppel cannot serve as a basis for dismissal).
The same analysis applies to the plaintiffs breach of warranty claim.[3] An express warranty is created when “any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain ... [or a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.” G.L.c. 106, §2-313(b); see also Hitchcock v. Emergency Lighting Systs., Inc., 12 Mass.App.Ct. 930, 930 (1981). But here, the arbitrator’s decision did not relate to any of these elements. While the arbitrator found that the vehicle did not contain a defect within the meaning of the Used Car Lemon Law, he did not determine *560 whether the vehicle conformed to the description in the warranty. Indeed, the arbitrator’s rejection of RamdelTs claim in arbitration turned on a technicality (because Ramsdell failed to follow that statutory guidelines) and a credibility issue. Therefore, collateral estoppel does not preclude litigation of Count II. See Okoli, 81 Mass.App.Ct. at 387-88.
The arbitrator also did not address issues related to whether Choice Auto engaged in fraud or deceit. To recover under those theories, “the plaintiff must prove that the defendant. . . made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [its] damage.” Reisman v. KPMG Peat Marwick, LLP, 57 Mass.App.Ct. 100, 108-09 (2003) (citations and internal quotation marks removed). While Ramsdell asserted that Choice Auto engaged in fraud and negligent concealment of the vehicle at the arbitration hearing, the arbitrator’s silence as to this contention in his decision is not a ruling on such a claim. The arbitrator’s decision was limited, and as such, did not encompass the elements of fraud or deceit. Thus, collateral estoppel does not prevent litigation of Count III. See Okoli, 81 Mass.App.Ct. at 387-88.
B. Claim Preclusion[4]
Count IV stands on different footing. In Count IV, Ramsdell argues that Choice Auto sold the car in violation of the Used Car Lemon Law. As previously discussed, the arbitrator specifically states as a conclusion of law in his decision, “I conclude that the standards for refund under the Used [Car Lemon] Law have not been met.” Ramsdell’s complaint, cites G.L.c. 90, §7Nl/4 — the Used Car Lemon Law — as the law that Choice Auto violated. On Count IV, the parties to this action and the arbitration are identical, and the causes of actions share sufficient identity.
Those facts warrant not only issue preclusion, but also claim preclusion, which “prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies.” Heacock, 402 Mass. at 24 n.4. This rule is premised “on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.” O’Neill v. City Manager, 428 Mass. 257, 259 (1998), quoting Heacock, 402 Mass. at 24. Similar to collateral estoppel, “[t]here are three required elements for the invocation of claim preclusion: ‘(1) the identify or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.’ ” Baby Furniture Warehouse Store, Inc. v. Meubles D&F L’tee, 75 Mass.App.Ct. 27, 33 (2009), citing Kobrin v. Bd. of Regis, in Med., 444 Mass. 837, 843 (2005). Since the cause of action Ramsdell brought in arbitration (whether Choice Auto violated the Used Car Lemon Law entitling Ramsdell to a refund) is the same cause of action in the present case these two claims are exactly the same for res judicata purposes. See, e.g., Massaro v. Walsh, 71 Mass.App.Ct. 562, 566 (2008) (finding claim preclusion applicable).
The matter of the finality of the arbitrator’s decision requires further comment. The Used Car Lemon Law provides that “[a]ny consumer dissatisfied with any finding of state-certified, used car arbitration shall have the right to file a claim pursuant to chapter ninety-three A.” G.L.c. 90, §7Nl/4(3)(A)(ii). A court may vacate an award only if the award was procured by fraud or corruption, there was partiality by an arbitrator or other misconduct prejudicing a party, or the arbitrator exceeded his or her powers. Id. at (3)(A)(iii)(a)-(c); Santo Domingo Motors v. Lopez, 2009 Mass.App. Dec. 287, 287 (2009). Further, the regulations expressly state that the “arbitrator’s decision is final.” 201 Code Mass.Regs. §11.11(2) (2012). To harmonize and give effect to all the language of G.L.c. 90, §7N1/4(3)(A)(ii), and (3)(A)(iii)(a)-(c), as well as the regulations interpreting the statute, the Court concludes that, unless the arbitrator abuses his powers, an action under c. 93A is the plaintiffs only recourse for defects as defined in the Lemon Law after he received an unfavorable outcome at arbitration; he cannot relitigate the same Lemon Law claim in the Superior Court.
No controlling appellate authority addresses whether an arbitrator’s decision under the Used Car Lemon Law is a final decision for claim preclusion purposes, but case law in other contexts confirms that arbitration awards satisfy the finality requirement for res judicata purposes. To qualify, a decision must follow an “opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings.” DaLuz, 434 Mass. at 44. So long as the arbitration “involved the elements of adjudicatory procedure” then an arbitrator’s decision may be considered final for res judicata purposes. TLT Constr. Corp. v. A. Anthony Tappe & Assocs., 48 Mass.App.Ct. 1, 9 (1999).
Here, the parties who testified at the arbitration hearing did so under oath. Both Ramsdell and Choice Auto had the opportunity to present their evidence and arguments. The state-certified arbitration took place in accordance with the Massachusetts Office of Consumer Affairs and Business Regulation New and Used Vehicle Arbitration Program established under the Used Car Lemon Law. The parties also had the opportunity to call witnesses. Then the arbitrator considered all of the evidence and the standards of the law and issued a decision outlining the parties’ arguments and the arbitrator’s reasoning. While the formal rules of evidence do not apply in Lemon Law proceedings, 201 Code Mass.Regs. §11.10(4), every formality of a judicial proceeding need not be imposed in order for a prior judgment to carry finality. Bailey v. Metro. Prop. *561 & Liab. Ins. Co., 24 Mass.App.Ct. 34, 36-37, 40 (1987), rev. denied, 400 Mass. 1101 (“We are satisfied that the plaintiff has had his day before a fact finder in proceedings which were essentially as fair and formal in an adjudicatory sense as proceedings conducted in a courtroom.”). Accordingly, the arbitration meets the finality requirement such that the elements of claim preclusion are satisfied. Compare Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 136 (1998) (holding an unemployment benefits hearing does not preclude a breach of contract claim because the administrative proceedings were informal and the defendant’s stake in the action was small in comparison to the present breach of contract action); Clermont v. Fallon Clinic, Inc., 16 Mass. L. Rptr. 325, 331 (Mass.Super. 2003) (explaining that a hearing panel consisting of the hospital’s physician shareholders where a doctor was employed, was not composed of a “strictly independent, impartial arbitrator” and therefore collateral estoppel was npt applicable). Thus, the defendant’s motion to dismiss Count IV is allowed.
III. Duplicative-Claims Argument
Choice Auto argues that Counts I and II are duplicative and therefore must be dismissed.[5] While Ramsdell, in the complaint, relies upon the express written warranty issued by Choice Auto as the basis for his breach of contract and breach of warranty claims, it does not necessarily follow that these claims are so similar that one must be dismissed. See Vassalluzzo v. Ernst & Young, 06-4215-BLS2, slip. op. at 8 (Mass.Super.Ct. Dec. 21, 2007) (Fabricant, J.) (‘The Court agrees that the claims are duplicative, but that conclusion does not warrant dismissal at this stage, where each claim adequately states a claim on which relief may be granted”). Even though Ramsdell cannot ultimately recover twice on the same set of facts this “does not mean he cannot allege multiple claims based on the same set of facts, where those facts, if proven, would support relief on alternative legal theories.” Id. Since “it is a relatively light burden to maintain a complaint in the face of a Rule 12(b)(6) motion,” Choice Auto’s duplicity argument fails and Counts I and II cannot be dismissed on these grounds. Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998); Baliceli v. Baliceli, 10 Mass.App.Ct. 446, 451 (1980) (holding “it must appear with certainty that the pleader is entitled to no relief under any combination of facts which could be proved in support of his claim”).
IV. Punitive Damages
Ramsdell’s final claim that is subject to Choice Auto’s motion to dismiss is for punitive damages. As support for this proposition, Ramsdell argues that Choice Auto is a multimillion dollar car dealership and must be punished for its malicious and fraudulent actions. Punitive damages are not allowed in Massachusetts unless expressly authorized by statute. Flesner v. Technical Comm’ns Corp., 410 Mass. 805, 813 (1991). Accordingly, as a stand-alone claim for punitive damages, Count VI must be dismissed for failure to state a claim.
Ramsdell cites three statutes in support of his punitive damages claim: G.L.c. 93A, the Used Car Lemon Law, and G.L.c. 231, §85J.[6] G.L.c. 93A provides for exemplaxy damages which are essentially punitive in nature, but limits relief to double or treble damages and do not constitute punitive damages. G.L.c. 231, §85J allows for treble damages against “[w] ho ever, by deceit or fraud, sells personal property.” Those treble damage claims are preserved in other counts and do not support a general claim for punitive damages in any event. The Used Car Lemon Law does not authorize punitive damages at all.
ORDER
It is therefore ORDERED that the defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) be DENIED as to Counts I, II, and III and ALLOWED as to Counts IV and V.

 In deciding a Rule 12(b)(6) motion, the court generally may only consider the allegations of the complaint and any exhibits attached to it, and it may also consider matters of public record, orders and items appearing in the record of the case. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). Ramsdell did not attach the arbitrator’s decision to the complaint, but Choice Auto submitted it in connection with its motion to dismiss. Where the defendant attaches a written instrument to its motion to dismiss, consideration of that document does not convert the motion to one for summary judgment as long as the plaintiff had notice of the document and relied on it in framing the complaint. Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004). Because Ramsdell relies on the arbitrator’s decision in his complaint, this court may consider it.

 Ramsdell, in his complaint, does not specify whether his breach of warranty claim is a breach of an express warranty or an implied warranty. However, his allegations refer specifically to the written warranty with which Choice Auto sold the vehicle, and therefore, this court infers the plaintiffs claim is an express warranty claim.

 In its motion to dismiss, Choice Auto does not explicitly use the term “claim preclusion,” but rather argues Count IV is subject to “issue preclusion.” Both terms are “doctrines by which a judgment in one action has a binding effect in another.” Heacock, 402 Mass. at 23 n.2. In substance, Choice Auto’s argument on Count IV invokes claim preclusion, rather than issue preclusion (or collateral estoppel) and therefore, the court will apply claim preclusion here.

 Choice Auto also argues Count IV is duplicative, but this count is dismissed and therefore analysis regarding its duplicity is not warranted. See supra, Part II.B.

 In Ramsdell’s objection to the motion to dismiss he cites G.L.c. 231, §84J; this is a an error and the correct statute is G.L.c. 231, §85J.