## MARK ABORN *vs.* NORMAN LIPSON.

Suffolk.    February 4, 1970. — February 26, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Libel and Slander.*

At a hearing in a Probate Court upon a petition to remove a woman as administratrix of an estate, defamatory statements made by a witness in testifying, in response to questions by counsel, about advice allegedly given by the administratrix's father, an attorney at law, to her in a matter concerning the estate were absolutely privileged, even if they were made by the witness with knowledge of their falsity.

TORT.    Writ in the Superior Court dated March 13, 1969.

The action was heard by *Mitchell*, J., on demurrer.

*Charles F. Nayor* for the plaintiff.

*Lionel H. Perlo* for the defendant.

SPALDING, J.    The amended declaration in this action of tort for defamation contains two counts. Count 1 is for slander and count 2 is for libel.[1]

Both counts allege essentially the same facts, and we summarize them as follows. The plaintiff is an attorney-at-law licensed to practise in Massachusetts. Some time prior to the date of the alleged defamatory statements the defendant had brought a petition in the Probate Court for Middlesex County to remove Barbara Lipson, the plaintiff's daughter and the defendant's daughter-in-law, as administratrix of her husband's estate. At a hearing on

---

[1] Count 2 is framed in libel because it is averred that the defendant's alleged defamatory testimony was recorded by court stenographers who transcribed and distributed it.

this petition a son of the defendant testified that the plaintiff told his daughter, Barbara Lipson, that she should have a debtor of her husband's estate make out a check to her personally for the amount owed ($1,000) so that she could avoid paying the creditors of her husband's estate. The defendant testified on direct examination that he knew that his daughter-in-law had taken the sum of $1,000 which belonged in her husband's estate. On cross-examination by the plaintiff's counsel the defendant was asked whether he agreed with the testimony previously given by his son, Allan Lipson, that the plaintiff said to his daughter: "Tear up that check and make another check to Barbara, so we don't pay the debt of the [e]state." The defendant's answer was in the affirmative. He was further asked if he knew that he was charging the plaintiff with having given advice "to defraud creditors" of the estate, and he answered that he was "aware" of that fact.

Each count, after alleging the foregoing, concluded with the allegation that the defendant did "falsely and maliciously charge and accuse the plaintiff of the crime of knowingly defrauding creditors of an estate; of the crime of knowingly conspiring to defraud creditors of an estate; and of giving improper and illegal advice as an attorney-at-law." All of the alleged defamatory statements, it is said, were not "pertinent to the matter in hearing."

The defendant demurred to each count on the ground that it did not state a legal cause of action. From an order sustaining the demurrer, the plaintiff appealed.

There was no error.

In *Mezullo* v. *Maletz*, 331 Mass. 233, 236, after reviewing the cases on the subject, we said, "[W]ords spoken by a witness in the course of judicial proceedings which are pertinent to the matter in hearing are absolutely privileged, even if uttered maliciously or in bad faith." The reason for the privilege is that it is more important that witnesses be free from the fear of civil liability for what they say than that a person who has been defamed by their testimony have a remedy.

The plaintiff argues that if the alleged defamatory words were uttered by the defendant, as alleged in the declaration, with knowledge of their falsity, the defendant may not avail himself of the privilege. Testimony that is knowingly false, it is urged, can never be "pertinent to the matter in hearing." To hold that a false statement, knowingly made, can never be pertinent to the proceeding would render the privilege illusory and of little value. The privilege would depend on the knowledge or lack of it possessed by the person making the defamatory statement. We are aware of no authority that lends support to this distinction and none has been called to our attention. On the contrary, the rule laid down in the *Maletz* case points in the opposite direction, for we there said that the privilege exists even if the defamatory statements are uttered "maliciously or in bad faith."

Alternatively, the plaintiff argues that the alleged defamatory statements were not in fact "pertinent to the proceedings." We disagree. The words "pertinent to the proceedings" are not to be construed narrowly. On this subject Professor Prosser has said, "Most of our courts have adopted what appears to be a standard of good faith, requiring only that the statement have some reasonable relation or reference to the subject of inquiry, or be one that 'may possibly be pertinent,' with all doubts resolved in favor of the defendant . . . ." Prosser, Torts (3d ed.) § 109. "If the defamatory matter is published in response to a question put to the witness by either counsel or by the judge, that fact is sufficient to bring it within the protection of the privilege, notwithstanding the fact that it is subsequently adjudged to be inadmissible." Restatement 2d: Torts, § 588, comment c.

Tested by these principles, the alleged defamatory statements were pertinent to the judicial proceeding in which they were made and hence were absolutely privileged.

*Order sustaining demurrer affirmed.*