Fremont-Smith, J.
In this action, Robert Eberle, an attorney, brings this action for malicious abuse of process against another attorney, Valeriano DiV-iacchi, and an expert witness who was employed by Diviacchi, Paul Tremblay, in connection with a prior lawsuit which had been brought by Diviacchi purportedly on behalf of Mystic Maintenance, alleging Eberle’s legal malpractice in connection with Eberle’s prior representation of Mystic Maintenance. That action was dismissed by stipulation after it became apparent that Mystic Maintenance, Inc. was in bankruptcy at the time the suit was brought, and that the Trustee in Bankruptcy had never authorized Diviacchi to bring the suit. Eberle then moved for an award of fees and costs pursuant to M.G.L.c. 231, §6F and Rule 11, Mass.R.Civ.P. Diviacchi did not challenge the amount of fees and costs claimed by Eberle, but opposed the motion on the ground that he had acted in good faith and that the allegations against Eberle had been well-founded. Diviacchi filed, in support of said opposition, the affidavit of Tremblay which forms the basis for Eberle’s present action against Tremblay.
In ruling on Eberle’s c. 231, §6F motion for an award of fees and costs against Mystic and Diviacchi, Judge Flannery, while questioning Diviacchi’s good faith in alleging Eberle’s legal malpractice vis a vis Mystic[1] found that:
In order to decide Eberle’s fees motion, however, it is not necessary to evaluate the truth of Mystic’s allegations or their reasonableness if false. It is here that Rule 11, Mass.R.Civ.P., enters this analysis. Mystic’s suit, because it was an unauthorized nullity, was per se frivolous and wholly insubstantial. *214 Rule 11 imposes on counsel and thereby on client an affirmative obligation with respect to the best of his knowledge, information, and belief there is good ground for the pleading; and see Supreme Judicial Court Role 3:07, DR7-102(A)(1). Smith and Zobel, Rules Practice, 6 M.P.S. 279-80, §11.3 (1974). Mystic’s claims were not advanced in good faith because they were filed without authorization, a requirement that Mystic knew or reasonably should have known.
Mystic Maintenance, Inc. v. Eberle, 2 Mass. L. Rptr. No. 32, 641, 642 (December 19, 1994).* The Court awarded attorney fees and costs against Mystic and Diviacchi in the sum of $6,271.80.
Based upon Judge Flannery’s finding that Diviacchi’s Mystic lawsuit against Eberle had been an unauthorized “nullity,” this Court, on February 12, 1996, denied Diviacchi’s motion for summary judgment in this case, on the ground that a material dispute of fact existed as to whether Diviacchi’s complaint in Mystic constituted a malicious abuse of process as to which no “litigation privilege” could apply (there having been no actual, but only a pretextual, litigation).
Tremblay’s role in the underlying proceeding is not materially in dispute. His affidavit was filed by Diviacchi in opposition to Eberle’s c. 231, §6F motion after the underlying lawsuit had been dismissed. Although Tremblay opined that Eberle had indeed been guilty of legal malpractice, concluding that Diviacchi’s Mystic complaint had not been frivolous, the affidavit did not allege personal knowledge of any facts, but was expressly based upon an assumed set of facts, for the accuracy of which he had relied on Diviacchi. When Eberle, by way of c. 93A demand letter, demanded a retraction of the affidavit as being based on an untruthful factual premise, Tremblay responded in writing that:
I cannot withdraw my opinion, as you have demanded. That opinion assumed certain facts to be true, and if those facts are true my opinion stands as written. If the facts are later proven in an appropriate forum to be different from what I assumed to be true, my opinion obviously may be different as well, and thus of uncertain relevance to either disputant. I cannot decide disputed issues of fact, but can only offer my opinion based upon facts presented to me by the party who requests my opinion.
Massachusetts has long recognized the doctrine of absolute immunity for participants, including witnesses, in judicial proceedings. That doctrine has been described as follows:
[S]tatements by a parly, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding.
Striberg v. Raymond, 370 Mass. 105, 108 (1970). See also, Seelig v. Harvard Coop. Soc., 355 Mass. 532, 538 (1969); Correllas v. Viveiros, 410 Mass. 314, 324 (1991). This immunity covers all statements by a witness, regardless of motive. “ ‘[W]ords spoken by a witness in the course of judicial proceedings which are pertinent to the matter in hearing are absolutely privileged, even if uttered maliciously and in bad faith.’ ” Aborn v. Lipson, 357 Mass. 71, 72 (1970), quoting Mezullo v. Maletz, 331 Mass. 233, 236 (1953). As the Supreme Judicial Court has stated, “A privilege which protected an individual from liability from defamation would be of little value if the individual were subject to liability under a different theory of tort.” Correllas v. Viveiros, supra, 410 Mass. at 324. See also, Leavitt v. Bickerton, 855 F.Supp. 455, 457 (D.Mass. 1994).
Nor is there any merit in Eberle’s additional contention that the c. 231, §6F motion did not qualify as a “judicial proceeding” for purposes of the privilege because the underlying action was a “nullity.” While the original unauthorized proceeding by which Diviacchi sued Eberle has been found by Judge Flannery to be a “nullity,” and was therefore found, in this case, not to have been a bonajide legal proceeding to which the litigation privilege applied,[2] the post-dismissal c. 231, §6F motion by Eberle, which has resulted in Diviacchi and his client being ordered to pay more than $6,000 in fees and costs to Eberle, was in no way “a nullity.”[3] Accordingly, the litigation privilege was applicable to the c. 231, §6F proceeding and to Tremblay’s affidavit filed therein.
ORDER
For the reasons stated above, Tremblay’s motion for summary judgment is allowed. As there is no just reason for delay, final judgment shall be entered for the defendant Paul Tremblay.

Judge Flannery noted that, “With respect to the allegations that Mystic was ill-served and overcharged by Eberle, it is pertinent that Eberle’s fee application had been approved by the Bankruptcy Court (and not appealed) before this action." “Memorandum of Decision" dated August 22, 1994 (Flannery, J.) in Mystic Maintenance, Inc. v. Eberle, 2 Mass. L. Rptr. No. 32, 641, 642 n.1 (December 19, 1994) (Suffolk Superior Court, No. 93-1495).

Order denying Diviacchi’s motion in this case for summary judgment dated February 12, 1996.

C. 231, §6F provides that a motion under that section may be filed after judgment and requires a “separate and distinct finding,” after a further hearing. It is, then, a distinct “judicial proceeding.”

See also Mystic Maintenance, Inc. v. Eberle, 3 Mass. L. Rptr. No. 18, 391 (May 1, 1995).