Curran, Dennis J., J.
Jeffrey Kelso has sued his former wife, Barbara Kelso, a/k/a Barbara Cappadona, concerning conduct that occurred towards the end of their eighteen-year marriage. In a 117-paragraph complaint, Mr. Kelso brings the following claims against his former wife: abuse of process (Count I); defamation (Count II); and both intentional and negligent infliction of emotional distress (Counts III and IV, respectively). The matter is now before the court on Ms. Cappadona’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). After reviewing the pleadings submitted by the parties and a hearing, Ms. Cappodona’s motion was ALLOWED on February 1, 2013. This Memorandum details the grounds for that decision at that time, and amends the judgment.
BACKGROUND
Ms. Cappadona and Mr. Kelso were married on March 4, 1990 and have two children together. On June 19, 2009, Ms. Cappadona filed for divorce alleging cruel and abusive treatment and irretrievable breakdown of the marriage.[2] Mr. Kelso filed an answer and a counterclaim denying that he was guilty of cruel and abusive treatment and alleging an irretrievable breakdown in the parties’ marriage. In March 2011, a Probate Court Justice tried the case in the Middlesex Probate and Family Court and rendered a fiffy-seven-page decision which detailed 406 findings of fact and 32 conclusions of law. Kelso v. Kelso, No. MI-09 D-2294-DV1, Slip. Op. (Middlesex Fam. & Prob. Ct. Aug. 10, 2011). That decision, both comprehensive and exhaustive, detailed the litany of mutual difficulties, indignities and hurtful conduct endured by the Kelsos. Neither party appealed the judgment.
The thrust of Mr. Kelso’s allegations relate to Ms. Cappadona’s various actions during the pendency of the divorce proceedings. On June 19, 2009, Ms. Cappadona filed an ex parte motion in the Middlesex Probate and Family Court to order Mr. Kelso to vacate the marital home under G.L.c. 208, §34B. The next day, Ms. Cappadona, through a series of events, induced Mr. Kelso to violate the court’s order resulting in his arrest. Subsequently, upon a motion by Mr. Kelso, the Probate and Family Court entered an order allowing Mr. Kelso to resume residence in the marital home, but required that he stay ten feet away from Ms. Cappadona at all times (the “stay away Order”). On June 29, 2009, Ms. Cappadona called the police alleging Mr. Kelso violated the stay away Order resulting, again, in Mr. Kelso’s arrest. Thereafter, Ms. Cappadona sought a restraining order against Mr. Kelso in the Framingham District Court under G.L.c. 209A. Mr. Kelso also alleges that Ms. Cappadona made false statements and allegations against him during the divorce proceedings.
The Probate Court Judge, in his decision, credited Mr. Kelso’s versions of events and found that Ms. Cappadona’s claim of cruel and abusive treatment was deliberately evasive and not credible. He also found that the trial was unnecessarily prolonged due to Ms. Cappadona’s intransigence during the trial, Mr. Kelso’s legal fees and costs were unnecessarily increased by Ms. Cappadona’s conduct when it became necessary for him to defend himself against false allegations of abuse, and Mr. Kelso had to hire, to his *387 detriment, an expert to refute Ms. Cappadona’s allegations regarding Mr. Kelso’s alleged violation of the various court orders she sought and obtained. As a result, the Probate Judge ordered Ms. Cappadona to pay from her share of the division of assets $10,000 to Mr. Kelso.
In her motion, Ms. Cappadona argues that Mr. Kelso has failed to state a claim upon which relief can be granted, alleging that his claims are barred by collateral estoppel because the issues attendant to this action were considered by the Probate Court Judge in the parties’ divorce action and essential to the divorce judgment. Mr. Kelso opposes the motion arguing that collateral estoppel does not apply and Ms. Cappadona’s motion is untimely.[3]
DISCUSSION
I. Standard of Review
A party moving to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) contends that a complaint fails to state a claim upon which relief can be granted. “While a complaint attacked by a... motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entiüe[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-36 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original).
II. Collateral Estoppel
Resjudicata, which embodies both collateral estop-pel and claim preclusion, “is the generic term for various doctrines by which a judgment in one action has a binding effect in another.” Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). Collateral estoppel, or issue preclusion, applies even when a second action is brought on a different claim “prevent[ing] relitigation of issues actually litigated in the prior action.” TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc., 48 Mass.App.Ct. 1, 5 (1999); see Martin v. Ring, 401 Mass. 59, 61 (1987) (“The purpose of [collateral estoppel] is to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments”); Restatement (Sec-ond0 of Judgments §27 cmt. b (1982). In order for collateral estoppel to apply, the defendant must establish that (1) the party against whom estoppel is asserted was a party in the prior adjudication; (2) the issue in the prior adjudication is identical to that in the current adjudication; and (3) there was a final judgment on the merits in the prior adjudication. TLT Constr. Corp., 48 Mass.App.Ct. at 5.
Collateral estoppel may preclude relitigation of certain elements of tort claims where those issues were previously decided in a divorce action so long as the requisite elements are satisfied. Although the Supreme Judicial Court has held that claim preclusion does not bar Superior Court tort claims where the prior adjudication was a divorce action,[4] that Court has explained that collateral estoppel may apply where the Probate and Family Court judge necessarily resolved issues relating to the plaintiffs claims in a subsequent Superior Court action. Heacock, 402 Mass, at 25 (holding since the Probate and Family Court judge did not make any findings of fact to support his judgment, the Court could “not say that the judge necessarily resolved any issue relating to the defendant’s assault of the plaintiff’); Zajac, III v. Zajac, 2007 Mass.Super. Lexis 336, *5-7 (2007) (granting motion to dismiss in tort action where prior adjudication was divorce action on grounds of collateral estoppel); In re Hermosilla, 450 B.R. 276, 297 (Bankr.D.Mass. 2011) (recognizing a “negative inference” from the Heacock case that “factual issues relating to tort claims may, in some circumstances, be preclusively decided by the Probate Court”).
In the present matter, the Middlesex Probate Court issued a decision in the form of a divorce judgment, which became final when it was not appealed by either party. Both Mr. Kelso and Ms. Cappadona were parties to the divorce action. The issues litigated before that court include Ms. Cappadona’s allegations of cruel and abusive treatment and irretrievable breakdown of the marriage, Mr. Kelso’s counterclaim for divorce and all attendant factual issues related to those claims. The Probate Court Judge considered the court actions initiated by Ms. Cappadona, including the G.L.c. 208 and G.L.c. 209A processes,[5] the statements Ms. Cappadona made during and surrounding the trial[6] and all of the factual allegations relating to Mr. Kelso’s emotional distress.[7] These issues were essential to the judgment because the issue before the court was whether the divorce should be granted on the grounds of cruel and abusive treatment or an irretrievable breakdown of the marriage. These issues were fully litigated before the Middlesex Probate Court, and therefore, Mr. Kelso’s claims must be dismissed under the doctrine of collateral estoppel.
The “common-law doctrine of collateral estoppel is designed to ‘relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.’ ” Commonwealth v. Stephens, 451 Mass. 370, 375 (2008), quoting Massachusetts Prop. Ins. Underwriting Ass’n v. Norrington, 395 Mass. 751, 756 (1985). Allowing Mr. Kelso to bring these claims against Ms. Cappadona now, when these issues were already tried and determined by the Probate Court Judge, would thwart judicial economy and create a second forum for Mr. Kelso to relitigate the divorce. Accordingly, Counts I-IV must be dismissed. Mass.R.Civ.P. 12(b)(6).
ORDER
For these reasons, the defendant’s motions to dismiss Counts I, II, HI and IV is ALLOWED. The com *388 plaint is hereby DISMISSED; and an Amended Judgment shall enter for the defendant forthwith, with costs.

 Ms. Cappadona first filed for divorce in June of 2006, but voluntarily dismissed the complaint in February 2008.

 Generally, a party shall serve a responsive pleading within twenty days after service, unless otherwise directed by order of the court. Mass.R.Civ.P. 12(a). Although parties may not “with impunity, ignore, flout, or circumvent the Rule 12(a)(1) twenty-day deadline for filing an answer,” the trial court has discretion to determine whether to penalize a party for untimely filing. Floyd v. Owens, 2009 Mass.App.Div. 219 (Mass.App.Div. 2009), citing Evangelidis v. Cuevas, 2008 Mass.App.Div. 88, 90 (2008); cf. Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 422-23 (1988) (recognizing the discretion of trial court in timely filing matters). This court will not deny Ms. Cappadona’s motion on the basis of untimeliness.

 Claim preclusion “prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies.” Heacock, 402 Mass, at 23 n.2. Claim preclusion does not apply to Superior Court actions where the prior adjudication is a divorce action because a “tort action is not based on the same underlying claim as an action for divorce . . . [because t]he purpose of a tort action is to redress a legal wrong in damages” whereas “that of a divorce action is to sever the marital relationship between the parties.” Id. at 24.

 The filing of false police reports does not constitute a claim for abuse of process. See Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986) (holding plaintiff must allege the usage of the court system to accomplish some ulterior purpose to sustain an abuse of process claim).

 Statements made during the course of judicial proceedings are absolutely privileged even if they are uttered “maliciously or in bad faith.” Aborn v. Lipson, 357 Mass. 71, 73 (1970), quoting Mezullo v. Maletz, 331 Mass. 233, 236 (1954).

 “[C]onduct which maybe tortious between strangers may not be tortious between spouses because of the mutual concessions implied in the marital relationship.” Garrity v. Garrity, 399 Mass. 367, 370 (1987) (citations and internal quotation marks omitted).