NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-389

YURIY MARGULIS

vs.

DANIEL Z. RIVLIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment dismissing his complaint following a motion judge's order allowing the defendant's motion to dismiss on the grounds that the plaintiff's allegations in the complaint are all protected by the litigation privilege.  The defendant is an attorney who represented the ex-husband of the plaintiff's daughter during New York divorce proceedings.  We agree with the judge that the communications and actions by the defendant referenced in the complaint were made "during the course of" the New York divorce proceedings, and that those communications and actions are protected by the litigation privilege.  We affirm.

Background.  In March 2015, divorce proceedings commenced in New York between the plaintiff's daughter and her former husband, David Bitton (Bitton).  Bitton retained the defendant, a New York licensed attorney, to represent him in the divorce action.  As part of that divorce action, the Supreme Court of New York issued automatic court orders on March 23, 2015, which provided in relevant part:

> "Neither party shall transfer, encumber, assign, remove, withdraw or in any way dispose of, without the consent of the other party in writing, or by order of the court, any property (including, but not limited to, real estate, personal property, cash accounts, stocks, mutual funds, bank accounts, cars and boats) individually or jointly held by the parties . . . ."

The automatic court orders were to remain in effect until the divorce was finalized, which occurred on June 4, 2019.

Meanwhile, on May 16, 2019, the Boston law firm of Butters Brazilian LLP (Butters), who represented Bitton in several lawsuits against the plaintiff, recorded two mortgages on Bitton's property in Newton.  One was in the amount of $350,000, securing attorney's fees owed to Butters, and another was in the amount of $100,000, securing attorney's fees owed to the defendant for services in representing Bitton in the New York divorce.

Jade Real Estate Investments, LLC (Jade), owned by the plaintiff, had obtained a real estate attachment against Bitton's Newton property.  In August 2020, the Superior Court

2

granted Jade an attachment increase on its previously held $350,000 attachment to $476,951.12.[1]  The court determined that the second attachment "shall have a nunc pro tunc effective date."  In March 2022, in a separate action, the Superior Court allowed the plaintiff's motion for an attachment on Bitton's Newton property in the amount of $571,213.33.  This attachment was behind in priority to Jade's attachments and Butters's mortgages.

On January 20, 2023, the plaintiff filed the present action in Superior Court against the defendant for conspiracy, negligent and reckless misrepresentation, fraud, and emotional distress in connection with the defendant's actions, along with Butters's, in obtaining mortgages on property owned by Bitton, ahead in priority to "defraud" the plaintiff.  In response, the defendant brought a motion to dismiss alleging that the plaintiff's claims were barred by the litigation privilege, collateral estoppel, failure to name an indispensable party, prematurity of claim, lack of personal jurisdiction, and failure to state a plausible claim for relief.  The Superior Court judge allowed the defendant's motion on the grounds of the litigation privilege but denied it on all other grounds.  It is from this dismissal that the plaintiff appeals.

---

[1] Jade obtained the $350,000 attachment on Bitton's Newton property in November 2016.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  In conducting our review, we accept as true all the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.  See Flagg v. AliMed, Inc., 466 Mass. 23, 26 (2013), citing Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004).

The crux of the complaint here pertains to actions by the defendant relating to the New York divorce proceeding.  Specifically, the plaintiff alleged that the defendant made numerous misrepresentations to the New York Supreme Court, including that the defendant incorrectly testified to the number of outstanding obligations on Bitton's property.[2]  In the complaint, the plaintiff further alleged that the defendant conspired with Butters to "defraud" the plaintiff, including by filing for attachments on Bitton's property in violation of the automatic court orders issued by the New York Supreme Court.  The plaintiff's claims of infliction of emotional distress stem from the defendant's actions in his alleged misrepresentations and fraud in New York.  Simply put, the complaint's allegations relate to the New York divorce proceedings.

---

[2] As another example, the plaintiff alleged that the defendant fabricated charges for communications with the plaintiff's attorney that did not occur.

4

The litigation privilege protects "statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding . . . provided such statements relate to that proceeding."  Sriberg v. Raymond, 370 Mass. 105, 108 (1976).  The privilege also "applies to an attorney's actions during the course of a judicial proceeding, just as it does to the attorney's communications."  Bassichis v. Flores, 490 Mass. 143, 158 (2022).  If the privilege attaches, its protections are absolute.  See Correllas v. Viveiros, 410 Mass. 314, 320 (1991).

At its core, the litigation privilege is intended to protect participants in judicial proceedings from actions for defamation based on communications made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding."  Sriberg, 370 Mass. at 108-109.  See Correllas, 410 Mass. at 319-320, 323 (privilege applies to defamatory statements made when "police and prosecutors were contemplating a criminal action"); Aborn v. Lipson, 357 Mass. 71, 72-73 (1970) (privilege applies to defamatory statements having "some reasonable relation or reference" to proceeding); Giuffrida v. High Country Investor, Inc., 73 Mass. App. Ct. 225, 242-243 (2008) (privilege applies to defamatory statements when "legal action was contemplated when the allegedly defamatory statements were made").

5

"The privilege applies not only to defamation claims brought against the attorney, but to civil liability generally." Bartle v. Berry, 80 Mass. App. Ct. 372, 378 (2011). See Correllas, 410 Mass. at 324 (privilege protects against claims for intentional inflection of emotional distress); Doe v. Nutter, McClennen & Fish, 41 Mass. App. Ct. 137, 137, 140-141 (1996) (privilege protects against invasion of privacy and violations of Civil Rights Act and G. L. c. 93A); Sullivan v. Birmingham, 11 Mass. App. Ct. 359, 360, 366-368 (1981) (privilege protects against abuse of process, libel, and negligence).

Where, as here, the communications referenced in the complaint were made "during the course of" the New York divorce proceedings, those communications are protected by the litigation privilege. Sriberg, 370 Mass. at 108. Similarly, the defendant's actions and conduct contested in the complaint took place during the course of the New York divorce proceeding in which the defendant was serving his client. See Bassichis, 490 Mass. at 158. Since the plaintiff's complaint only alleged statements and actions made by the defendant while representing Bitton and in furtherance of Bitton's interests, the litigation

6

privilege applies and the motion to dismiss was properly allowed.

Judgment affirmed.

By the Court (Vuono,
  Brennan & D'Angelo, JJ.[3]),

*Paul Little*

Clerk

Entered:  March 26, 2025.

---

[3] The panelists are listed in order of seniority.