NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-486                                      Appeals Court


      WELLS FARGO BANK N.A., trustee,[1]  vs.  MARIA BOBADILLA.


                         No. 18-P-486.

        Essex.      February 4, 2019. - May 1, 2019.

         Present:  Maldonado, Singh, & Wendlandt, JJ.



Summary Process.  Mortgage, Foreclosure.  Real Property,
     Mortgage, Sale.  Practice, Civil, Relief from judgment,
     Judicial discretion, Default, Summary process.




     Summary Process.  Complaint filed in the Northeast Division
of the Housing Court Department on February 16, 2017.

     The case was heard by Fairlie A. Dalton, J.; a motion for
relief from judgment was heard by David D. Kerman, J., and a
motion to reinstate the original judgment was also heard by him.


     Lucas B. McArdle for the defendant.
     Brian Linehan for the plaintiff.


     WENDLANDT, J.  This appeal concerns a Housing Court judge's

(motion judge) discretionary decision to allow, on a limited

basis, a motion for relief from judgment pursuant to Mass. R.

_____

     [1] For Carrington Mortgage Loan Trust Series 2006-NC2 Asset-
Backed Pass-Through Certificates.

Civ. P. 60 (b), 365 Mass. 828 (1974). Specifically, after a trial on the merits, at which the defendant, Maria Bobadilla, appeared pro se, judgment entered in favor of the plaintiff, Wells Fargo Bank N.A. (Wells Fargo) on its summary process complaint (original judgment). Bobadilla moved for relief from the judgment on various grounds, including that a 2010 default judgment entered in the Land Court (default judgment) erroneously permitted Wells Fargo's predecessor in interest to reform the mortgage to add her as comortgagor. The motion judge allowed the motion for the limited purpose of permitting Bobadilla the opportunity to bring a motion in the Land Court to vacate the default judgment. After a Land Court judge denied Bobadilla's motion to vacate and the time to appeal had expired, the motion judge reentered judgment in favor of Wells Fargo. Discerning no abuse of discretion in the motion judge's decision to limit reopening of the summary process action to the collateral Land Court issue, we affirm.

Background. Bobadilla and Carmelo Francisco acquired the subject property as tenants by the entirety by quitclaim deed in 2004. In 2006, Francisco executed a promissory note secured by a mortgage to New Century Mortgage Corporation (New Century). Bobadilla was not named on the mortgage. In 2007, Francisco defaulted on the loan payments.

In 2010, New Century filed an action in the Land Court to reform the mortgage to add Bobadilla as a comortgagor. Although Bobadilla received notice of the Land Court action, she did not appear. The default judgment entered, and the mortgage was reformed to include Bobadilla as comortgagor. Bobadilla did not appeal.

In 2012, New Century assigned the mortgage to Wells Fargo as trustee for Carrington Mortgage Loan Trust Series 2006-NC2 Asset-Backed Pass-Through Certificates. In 2015, after providing notice of the foreclosure sale, Wells Fargo conducted a foreclosure sale, at which it was the highest bidder.

Wells Fargo thereafter commenced the present summary process action. Bobadilla received notice of the action,[2] and in March 2017, a trial on the merits was held. Bobadilla and Francisco testified at the trial and presented various defenses. Wells Fargo relied on an affidavit of sale, as well as the default judgment. Following the trial, a Housing Court judge (trial judge) found the defenses raised to be without merit, and the original judgment entered in favor of Wells Fargo.

Subsequently, Bobadilla and Francisco obtained counsel and filed a motion for relief from judgment. The motion judge (who

---

[2] Wells Fargo dismissed the action against Francisco, who no longer lives on the property; he is not a party to the present appeal.

was not the trial judge) allowed the motion. The motion judge subsequently clarified that the motion was allowed for the limited purpose of permitting Bobadilla time to attempt to vacate the default judgment. Consistent with that scope of relief, Bobadilla filed a motion in the Land Court to vacate the default judgment. The motion was denied and Bobadilla did not appeal.

Wells Fargo notified the motion judge of the Land Court judge's denial of the motion to vacate, and moved to reinstate the original judgment. Following a hearing at which the parties were present, judgment reentered in favor of Wells Fargo. Bobadilla now appeals.

<u>Discussion</u>. On appeal, Bobadilla asserts that the motion judge abused his discretion in allowing her motion for relief from the original judgment for only the limited purpose of permitting her to attempt to vacate the Land Court's default judgment; instead, she contends that she is entitled to reopen discovery and to a new trial on the merits on Wells Fargo's summary process complaint.

A judge has substantial discretion when ruling on a motion for relief from judgment. See <u>Cullen Enters., Inc</u>. v. <u>Massachusetts Prop. Ins. Underwriting Ass'n</u>, 399 Mass. 886, 894 (1987), quoting <u>Chu-Kun Woon</u> v. <u>Moy</u>, 17 Mass. App. Ct. 949, 949 (1983) (judge's ruling on rule 60 [b] motion should be given

"marked deference"). The motion judge did not abuse his discretion by tailoring the relief from judgment to the issue of the default judgment. Once Bobadilla's efforts to challenge the default judgment were exhausted -- after the Land Court judge had denied her motion, and she declined to appeal from that denial -- the motion judge was not required to reopen the case for further discovery and a new trial on the merits, where a trial already had occurred in March 2017. At the trial, Bobadilla and Francisco presented defenses, including squarely raising issues regarding the veracity of some of the statements in the affidavit of sale. The trial judge found against Bobadilla on these defenses.

Bobadilla asserts that a new trial is required to allow her to raise additional arguments regarding the affidavit of sale. Specifically, Bobadilla maintains that the affidavit was facially defective because the date entered by the signatory precedes the date of sale (by two days).[3] Similarly, she contends that a new trial is required to afford her the opportunity to challenge the default judgment reforming the mortgage to add her as a mortgagor. These arguments could have been raised at the March 2017 trial, during which Wells Fargo

---

[3] Bobadilla's argument ignores the fact that the notary's signature acknowledging the Wells Fargo representative's signature sets forth that the date of the affidavit (September 22, 2016,) is after the date of sale (September 24, 2015).

relied on both the affidavit of sale and the default judgment. Indeed, Bobadilla raised several challenges to the affidavit at the trial; there was no abuse of discretion in the motion judge's decision declining her relief from judgment to raise these additional arguments. See Cullen Enters., 399 Mass. at 894.

Furthermore, the issue of the propriety of the mortgage reformation was the subject of the 2010 Land Court action that resulted in the default judgment as well as Bobadilla's motion to vacate that judgment. In denying the motion to vacate, the Land Court judge specifically addressed some of the same arguments that Bobadilla now seeks to relitigate. Accordingly, the doctrine of issue preclusion bars Bobadilla's desired third bite at the proverbial apple. See Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988) (issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies").[4]

---

[4] Bobadilla also asserts that her due process rights were violated because, by denying a new trial on the merits, the motion judge deprived her of the opportunity to raise arguments that the default judgment was improper. Due process affords a litigant the right to notice and the opportunity to be heard. See Strange v. Powers, 358 Mass. 126, 135 (1970). Here, because Bobadilla received notice and had several opportunities to be heard, as outlined supra, her due process claims are unsupportable.

Judgment affirmed.