NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-630

ASA VALENTINE, LLC

vs.

HEATHER GORDON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Heather Gordon (tenant), appeals from the denial of her motion for relief from a default judgment entered in favor of the plaintiff, ASA Valentine, LLC (landlord).  The tenant claims that the Housing Court judge abused her discretion in finding that the tenant did not show excusable neglect for failing to appear when her case was called for trial.  The tenant further asserts that the judge abused her discretion by

declining to grant the tenant a continuance to obtain counsel.[1]
We affirm.[2]

Background. By letter dated November 25, 2022, the landlord served the tenant with a notice to terminate her tenancy at will, ordering the tenant to quit and deliver up the premises at the end of the following month. On January 30, 2023, the landlord filed a summary process summons and complaint in the Eastern Housing Court, alleging that the tenant failed to vacate the premises and owed $9,100 in back rent. The tenant filed an answer asserting various counterclaims and affirmative defenses, including improper termination of her tenancy, retaliation, discrimination, breach of the implied warranty of habitability, and breach of quiet enjoyment.

The case was scheduled for trial on June 22, 2023. Before trial, the landlord moved in limine for an order precluding the tenant from presenting evidence on her defenses and counterclaims at trial because she did not comply with the

_____

[1] The tenant also contends that the judge erred in entering the default judgment against the tenant, but a default judgment cannot be appealed. See Rule 12 of the Uniform Summary Process Rules (2004) ("Any judgment in a summary process action, except a default judgment, may be appealed by an aggrieved party in accordance with the provisions of law"). See Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 856 (2019).

[2] We acknowledge the amicus letter submitted by Community Legal Aid and The Volunteer Lawyers Project of the Boston Bar Association.

court's discovery order. At a hearing on the morning of trial, the judge allowed the landlord's motion in part, prohibiting the tenant from submitting documents as evidence but allowing her to testify about her defenses and counterclaims. Following her ruling, the judge told the parties that "we're here for trial today, but I can't hear you right now because I've got other cases that I need to hear right now." She continued, initially addressing the tenant:

> "And I'm going to say this to you, ma'am. Right now, I don't know what you would possibly be using as a defense or counterclaim and how you would possibly prove it. You may be able to prove it. You may not be able to prove it because I'm not allowing you to introduce into evidence any documents that weren't previously submitted and responded to through discovery.

> "So, I would strongly recommend folks that you spend the time wisely and try to talk with each other about coming to an end result where you can control that end result. If you can't, I'll hear you today, but I don't know when."

At the end of the hearing, the judge reminded the parties, "[W]e will be having a trial, I just can't tell you when." The hearing concluded at 11:30 A.M.

At 12:54 P.M., the judge called the parties back for trial, but the tenant did not appear. The judge asked the court officer to check if the tenant was in the hallway and asked the court clerk to see if she was in the clerk's office. After counsel for the landlord offered to remain at the courthouse until after the court's break for lunch, the judge noted that

3

"we have four cases scheduled this afternoon already. . . .   I could potentially get to you this afternoon.  I'd like to get to you this afternoon, but if she has -- is not in the building and she has disappeared, I think a default would be in order." After the clerk and court officer reported that they could not locate the tenant, the landlord moved for a default judgment, which the judge allowed.  Default judgment entered against the tenant on June 23, 2023, awarding the landlord possession, $16,552.07 in damages, prejudgment interest, and other costs.

Approximately three weeks later, the tenant moved for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (motion for relief),[3] asserting that the judge "did not tell [her] to return on that day" or "wait around for a recall," and that the tenant waited for an hour and a half but "no one came out of the courtroom to call [her] back." Following a hearing, the judge denied the tenant's motion, ruling that the tenant did not provide a good reason for her failure to appear at trial and failed to assert a meritorious defense to possession.

---

[3] The motion, submitted on a Housing Court form, was titled: "Motion to Vacate Default Judgment."  We note that "[a]fter a default judgment issues, the defaulted party may seek to set aside the judgment by filing a motion under Mass. R. Civ. P. 60 (b)," Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 856 n.15 (2019), and we treat this motion as such.

4

Discussion. 1. Motion for relief from judgment. On appeal, the tenant argues that the judge should have granted her motion for relief because she had good cause for not reappearing when her case was called for trial and that she asserted meritorious defenses in her answer. We review the denial of a motion for relief from judgment for an abuse of discretion. See Wells Fargo Bank N.A. v. Bobadilla, 95 Mass. App. Ct. 226, 228 (2019) ("A judge has substantial discretion when ruling on a motion for relief from judgment"). An abuse of discretion occurs when the judge makes "'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"Rule 60 (b) (1) authorizes relief from judgment in cases of excusable neglect." Fort Point Invs., LLC v. Kirunge-Smith, 103 Mass. App. Ct. 758, 762 (2024).[4] "[M]otions seeking such relief should be 'measured against a consideration, among other relevant circumstances, of at least the following factors:

'(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom;

---

[4] While the tenant contends in her brief that the denial of her motion should be reviewed under the "good cause" standard pursuant to Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974), the correct standard is the "excusable neglect" standard under Mass. R. Civ. P. 60 (b) because the tenant sought relief after the entry of judgment.

5

(2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself; for the courts have been reluctant to attribute to the parties the errors of their legal representatives.'"

Id. at 762-763, quoting Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).

The judge acted within her discretion in denying the tenant's motion for relief. The tenant did not file her motion until approximately three weeks after judgment entered. Because the tenant was prohibited from introducing documents in support of her claims at trial, we cannot discern from the record whether any of the tenant's defenses and counterclaims had merit. Although the tenant argues that the judge should have inquired into the defenses and counterclaims listed in the tenant's answer, the tenant did not provide any support for her defenses and counterclaims by way of affidavits or otherwise on the record. When asked by the judge why she did not appear for trial, the tenant stated that she believed "it was over because [the judge] didn't say to come back in or anything." The record, however, shows that at the June 22 motion hearing the judge thrice advised the parties that, unless they reached a

6

resolution on their own, there was going to be a trial that day.[5] The tenant also acknowledged that, following that hearing, she continued to wait at the courthouse for more than an hour, then left.[6]

As the Supreme Judicial Court has explained, "summary process cases are complex, fast-moving, and generally litigated by landlords who are represented by attorneys and tenants who are not." Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 834 (2019). Because many litigants who appear in Housing Court are pro se and unfamiliar with the Uniform Rules of Summary Process, Housing Court judges must "apply the rules in a fair, reasonable and practical manner." Id. at 838, quoting Housing Court Standing Order 1-04 (2004). Accordingly, where, as here, a judge informs the parties that a case will be recalled for a trial or other proceeding later in the day, the judge should take reasonable efforts to locate an absent party before entering a default judgment against him or her.

---

[5] Although the tenant contends that the judge's comments were ambiguous and confusing because she did not specify when the case would be tried, the case was scheduled for trial on June 22, 2023, and at the hearing that morning the judge repeatedly stated that trial would take place "today."

[6] The judge did not consider the issue of prejudice at the motion hearing or in her ruling. While the landlord contends in its brief that vacating the judgment could have exposed it to risk of foreclosure if the tenant continued in failing to pay rent owed, that issue was not presented to the judge in connection with the tenant's motion for relief.

Depending on the circumstances, that may include efforts to locate the party in the courthouse, calling the telephone number provided in the party's pleadings, and putting the case on hold to give the party a reasonable amount of time to return. Here, after informing the parties that a trial would be held that day, then recalling the case less than ninety minutes later, the judge made reasonable efforts to locate the tenant by directing the court officer and court clerk to search for her. Delaying trial until the afternoon session would not have resolved the problem because the tenant left the courthouse. Given these facts, as well as the tenant's failure to move for relief from the default judgment for several weeks after it was entered, the denial of her motion was not an abuse of discretion.

2. <u>Denial of request for continuance</u>. The defendant also asserts that the judge abused her discretion by declining to grant the tenant a continuance at the hearings on June 22 and August 8, 2023. The denial of a request for a continuance is reviewed for abuse of discretion. See <u>Commonwealth</u> v. <u>Miles</u>, 420 Mass. 67, 85 (1995); <u>E.H.</u> v. <u>S.H.</u>, 59 Mass. App. Ct. 593, 597-598 (2003). "In considering a request for a continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." <u>Matter of Brauer</u>, 452 Mass. 56, 73 (2008),

8

quoting <u>Commonwealth</u> v. <u>Gilchrest</u>, 364 Mass. 272, 276 (1973). The judge initially allowed a continuance from May to June 2023 so that the tenant could comply with discovery obligations. At the June 22 hearing, the tenant expressed her interest in obtaining legal representation, but did not request a continuance. At the subsequent motion hearing on August 8, the tenant did request a continuance but acknowledged that she had already received some assistance from counsel earlier in the case. Under these circumstances, the judge did not abuse her discretion in proceeding to rule on the tenant's motion for relief without further delay.[7]

<u>Order denying motion for relief from default judgment affirmed</u>.

By the Court (Meade, Hodgens & Toone, JJ.[8]),

Clerk

Entered: June 5, 2025.

---

[7] The landlord's request for appellate attorney fees is denied.

[8] The panelists are listed in order of seniority.